[No. B112941. Second Dist., Div. Four. Oct. 28, 1997.]

KAVON CHONG et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
HBZ FINANCE LIMITED, Real Party in Interest.

## COUNSEL

Marks & Brooklier, Donald B. Marks and Raymond B. Kim for Petitioners.

No appearance on behalf of Respondent.

Barton, Klugman & Oetting and Jaleen N. Lunt for Real Party in Interest.

## OPINION

**EPSTEIN, J.**—Kavon Chong and Kwan Ying Ping seek our review of a trial court's denial of their motion to stay or dismiss a lawsuit pending in respondent court in favor of a legal proceeding in Hong Kong. Petitioners invoked the doctrine of forum non conveniens in support of their motion. The trial court denied the motion primarily because it was concerned that Hong Kong would not provide due process of law after the People's Republic of China (China) obtained sovereignty over the former Crown Colony, on July 1, 1997. We find no evidence that Hong Kong courts will not continue to provide due process of law. Further, since the appropriate favorable resolution of petitioner's motion is a stay of the California proceedings rather than outright dismissal, and real party will have an opportunity to apply to lift this stay if it can show a breakdown of the rule of law in Hong Kong, we grant a writ of mandate directing the court to stay the proceedings in California during the pendency of the proceedings in Hong Kong.

### FACTUAL AND PROCEDURAL SUMMARY

HBZ Finance Limited is a registered deposit-taking institution. It is authorized to do business under Hong Kong law and conducts its business in Hong Kong. HBZ extended credit to Artone Industries Ltd., a Hong Kong business. The credit was for goods shipped to Artone Industries' California company, Artone (USA) Inc.

Mr. Kavon Chong (also known as Kwee Sung Chong) and Ms. Kwan Ying Ping signed letters of guarantee personally guaranteeing credit up to 9.5 million Hong Kong dollars for debt incurred by Artone Industries. The letters of guarantee were negotiated and executed in Hong Kong. Mr. Chong and Ms. Ping both claim they were deceived into signing the guarantees. HBZ does not dispute that these underlying contentions should be decided according to Hong Kong law.

HBZ obtained judgments from the Hong Kong Supreme Court against Artone Industries and Ms. Ping (as well as additional defendants). The record includes a copy of the judgments, but lacks any description of the underlying causes of action.

HBZ also filed suit in California against Mr. Chong and Ms. Ping.[1] Mr. Chong and Ms. Ping petitioned for dismissal or a stay based on forum non conveniens grounds. Mr. Chong and Ms. Ping agreed to stipulate to jurisdiction in Hong Kong as well as to the tolling of any statute of limitations during the pendency of the suit in California.

---

[1]Vanessa Chong and Artone Industries are also named as defendants in the complaint. However they are not parties to this petition for a writ of mandate.

Both Mr. Chong and Ms. Ping are citizens of Hong Kong. Though the location of Mr. Chong's primary residence is disputed, Ms. Ping's primary residence is in California.

The trial court denied Mr. Chong and Ms. Ping's motion to stay or dismiss the action. The trial court was concerned that the transfer of Hong Kong from British to Chinese control would destroy HBZ's opportunity to receive a fair trial. The court also found the public and private interests do not weigh in favor of granting the motion.

Mr. Chong and Ms. Ping petitioned for a writ of mandate. We granted a temporary stay. We now grant the writ of mandate.

### DISCUSSION

### I

■ A court can take judicial notice of foreign treaty. (*Volkswagenwerk Aktiengesellschaft* v. *Superior Court* (1981) 123 Cal.App.3d 840, 851 [176 Cal.Rptr. 874].) We take judicial notice of the treaty between Britain and China on the status of Hong Kong, a binding international treaty. (Joint Declaration of the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the People's Republic of China on the Question of Hong Kong, May 27, 1985, 1399 U.N.T.S. 23391.) This treaty states "The laws currently in force in Hong Kong will remain basically unchanged." (*Id.* at p. 61, par. 3, subd. 3.)

### II

■ A court may, in its discretion, choose to refrain from exercising its jurisdiction to hear a case if the case may be more appropriately tried elsewhere. (*Stangvik* v. *Shiley Inc.* ( 1991) 54 Cal.3d 744, 751 [1 Cal.Rptr.2d 556, 819 P.2d 14].) California codified this principle, known as forum non conveniens, in Code of Civil Procedure section 410.30. The moving party bears the burden of showing that the case should be tried elsewhere. (54 Cal.3d at p. 751.)

In determining whether to grant a motion based on forum non conveniens, the court first must make a threshold determination whether the alternate forum is a suitable place for trial. (*Stangvik* v. *Shiley Inc.*, *supra*, 54 Cal.3d at p. 752, fn. 3; *Boaz* v. *Boyle* (1995) 40 Cal.App.4th 700, 711 [46 Cal.Rptr.2d 888].) This is a nondiscretionary determination. (*Shiley Inc.* v. *Superior Court* (1992) 4 Cal.App.4th 126, 131 [6 Cal.Rptr.2d 38].) A forum is

suitable if there is jurisdiction and no statute of limitations bar to hearing the case on the merits. (*Id.* at p. 132.) "[A] forum is suitable where an action 'can be brought,' although not necessarily won." (*Ibid.*)

In "rare circumstances" a forum may not be suitable even when the defendant is amenable to process and there is no procedural bar to hearing the issues on the merits. (*Piper Aircraft Co.* v. *Reyno* (1981) 454 U.S. 235, 255, fn. 22 [102 S.Ct. 252, 265, 70 L.Ed.2d 419]; *Shiley Inc.* v. *Superior Court, supra,* 4 Cal.App.4th at p. 134, fn. 4.) This exception has been applied in cases where the proposed alternative forum is in a foreign country that lacks an independent judiciary. (*Shiley Inc.* v. *Superior Court, supra,* 4 Cal.App.4th at pp. 133-134.) For example, in *Rasoulzadeh* v. *Associated Press* (S.D.N.Y. 1983) 574 F.Supp. 854, 861, the court held that an alternative forum in Iran was not available since the courts there were administered by Iranian mullahs and the plaintiffs were likely to be shot if they returned to Iran. Similarly in *Phoenix Canada Oil Co. Ltd.* v. *Texaco, Inc.* (D.Del. 1978) 78 F.R.D. 445, 455, the court found that Ecuador was not a suitable forum since it did not have an independent judiciary. Courts controlled by a military junta in Chile were likewise found unsuitable. (*Canadian Overseas Ores Ltd.* v. *Compania, etc.* (S.D.N.Y. 1982) 528 F.Supp. 1337, 1342.)

In *Dragon Capital Partners* v. *Merrill Lynch Capital* (S.D.N.Y. 1997) 949 F.Supp. 1123, a federal district court found that Hong Kong was a suitable forum despite the transfer of Hong Kong to Chinese control. The court found no reason to suspect that China would not honor its declarations that the judiciary would remain independent. (*Id.* at p. 1129.) The court considered the effect of the transfer in the context of another motion, but dismissed the action on forum non conveniens grounds. (*Id.* at pp. 1130, 1131.)

If a forum is suitable, the court where the motion is pending must then balance the private interests of the litigants and the interests of the public in retaining the action in California. (*Stangvik* v. *Shiley Inc., supra,* 54 Cal.3d at p. 751.) The trial court's balancing is given substantial deference. (*Ibid.*) "The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Ibid.*) No single factor is predominant. Instead, all factors should be weighed together. (*Id.* at p. 753, fn. 4.)

When a plaintiff is a resident of a forum state, the plaintiff's choice of forum in that state is afforded substantial weight. (*Ford Motor Co.* v. *Insurance Co. of North America* (1995) 35 Cal.App.4th 604, 611 [41 Cal.Rptr.2d 342].) A nonresident plaintiff's choice of forum is also entitled to less deference. (*Ibid.*)

■ The threshold question is whether Hong Kong provides a suitable alternate forum.[2] Mr. Chong and Ms. Ping have consented to jurisdiction and to tolling any statute of limitations during the pendency of the proceedings in California. The real issue is whether Hong Kong courts present a "rare circumstance" where a forum is not suitable even when the jurisdictional and procedural requirements are satisfied.

HBZ argues that because it is well known that Chinese courts do not provide due process, we should infer Hong Kong courts will not provide due process after Hong Kong is under Chinese control. HBZ provides no evidence to support this inference. Moreover, there is evidence that Hong Kong courts will remain independent following the Chinese takeover. (See *Dragon Capital Partners* v. *Merrill Lynch Capital*, *supra*, 949 F.Supp. 1123, 1129; Sino-British Treaty on the status of Hong Kong.) Specifically, China promised, in an international treaty, that the Hong Kong judiciary would remain independent. This case is distinguishable from those finding that Iran, Ecuador, and Chile did not constitute suitable forums. In those cases, there was evidence that the judiciary would not provide due process; no such evidence was presented in this case. Because there is evidence that Hong Kong courts will continue to provide due process, Hong Kong remains a suitable alternate forum.

HBZ argues there are other reasons why the parties' dispute should not be tried in a Hong Kong court. First HBZ claims it will be unable to enforce a judgment from a Hong Kong court in California. HBZ bases its argument on the fact that Chinese courts do not provide due process, and on Code of Civil Procedure section 1713.4. That statute provides: "(a) A foreign judgment is not conclusive if [¶] (1) The judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law; . . ." We are not persuaded. The impartiality of the Chinese courts in general is not at issue, and as discussed above, the assumption that Hong Kong courts will not be impartial is unsupported. HBZ <u>can</u> enforce a judgment rendered by a Hong Kong court. (See *Klein* v. *Superior Court* (1988) 198 Cal.App.3d 894, 903 [244 Cal.Rptr.

---

[2]The parties and the trial court assume, without providing any evidence, that courts in China (other than Hong Kong) do not provide due process of law. We do not decide that issue on its merits.

226] [foreign judgment can be enforced under Uniform Foreign Money-Judgments Recognition Act]; Code Civ. Proc., § 1713.3.)

Next, HBZ contends that Hong Kong is not suitable because HBZ has previously prevailed in an action against Ms. Ping. If that is the case, HBZ should seek enforcement of its judgment. Further, it is unclear why HBZ would pursue an identical action, if that is what it is, in California.

■ Turning from the suitable forum issue to the private interests of the litigants and the interests of the public in retaining the action in California, we find that those factors overwhelmingly favor a Hong Kong forum.

The evidence related to the case is located in Hong Kong. Although HBZ argues it has provided all dispositive documents, it does not contest that the evidence is in Hong Kong. If any witnesses are required to testify, they too would be located in Hong Kong. California courts do not have jurisdiction over any nonparty witnesses located in Hong Kong. (Code Civ. Proc., § 1989.) Even HBZ admits that it may be easier for it to try the case in Hong Kong.

The public interests factors also weigh in favor of a Hong Kong forum. Plaintiff is a Hong Kong corporation. Defendants are Hong Kong citizens, though at least one resides in California. The letters of guarantee were negotiated and signed in Hong Kong. The case will be decided under Hong Kong law. Indeed, California's only interest in the litigation is that goods were shipped to California. However the goods were shipped to a business, Artone USA, which is not a party to the lawsuit. Jurors should not be required to decide a case based on Hong Kong law with which they have little or no concern, and the California courts should not be burdened with litigation that may have been previously adjudicated in Hong Kong. Finally, Hong Kong's interest in applying its law and ensuring that its financial institutions are compensated for breach of contract claims far outweighs California's interest in providing a forum for companies that finance a shipment of goods into this state.

Citing *Ford Motor Co.* v. *Insurance Company of North America, supra,* 35 Cal.App.4th 604, HBZ argues its choice of forum is entitled to great weight. This is inaccurate. *Ford Motor Co.* states that a foreign plaintiff's choice of forum is entitled to less deference than that of a citizen plaintiff. (*Id.* at p. 611.) Moreover, even if plaintiff's choice were entitled to great deference, the balance of the private interest factors and public interest factors strongly favor Hong Kong as the more appropriate forum.

We recognize that the circumstances in this case are unusual in that at the time the trial court decided this motion, the future of the Hong Kong

judiciary could not be determined with certainty. However, instead of denying the motion based on unsubstantiated claims that Hong Kong courts would not provide adequate due process, the court should have stayed the proceedings. That way, if HBZ is not able to receive a fair trial in Hong Kong, it can apply to lift this stay.

## DISPOSITION

Let a writ of mandate issue directing the trial court to stay the proceedings during the pendency of the proceedings in Hong Kong. Petitioners to have their costs on appeal.

Vogel (C. S.), P. J., and Hastings, J., concurred.