[No. B145607. Second Dist., Div. Four. Sept. 9, 2002.]

JEAN DANIEL ROULIER, Plaintiff and Appellant, v. CANNONDALE et al., Defendants and Respondents.

**COUNSEL**

Law Offices of Berglund, Johnson & Sommer and Daniel W. Johnson for Plaintiff and Appellant.

Haight, Brown & Bonesteel, Jules S. Zeman and Kevin M. Osterberg for Defendants and Respondents.

## OPINION

**EPSTEIN, J.**—Jean Daniel Roulier appeals from a judgment of dismissal based on forum non conveniens. He contends that Switzerland is not a suitable alternative forum, and that the balance of private and public interest factors weighs in favor of retaining jurisdiction in California. While we agree with the trial court that Switzerland is a suitable forum, in the context of the unusual procedural history of this case, we also conclude the trial court did not abuse its discretion in its original holding that the balance of private and public factors favors trial in California. We therefore reverse the judgment entered by the trial court in compliance with the alternative writ issued by this court.

### FACTUAL AND PROCEDURAL SUMMARY

Jean Daniel Roulier is a resident of Switzerland.[1] In 1998, on a visit to California, he purchased a Cannondale bicycle from defendant Two Wheels One Planet (Two Wheels). On July 15, 1998, he was seriously injured in Switzerland while riding the Cannondale bicycle.

Defendant Cannondale designs and manufactures bicycles. It is incorporated in Delaware, with its principal place of business in Connecticut. Its products are manufactured in Pennsylvania and Connecticut. Two Wheels is a "fictious business name" for Mulrooney, Inc. It is a retail bicycle shop located in Artesia, California.

On December 2, 1998, plaintiff filed a complaint in the Los Angeles Superior Court alleging causes of action for strict product liability, negligent product liability, and breach of warranty. He named Cannondale and Two Wheels as defendants.[2] He alleged that the bicycle contained design or manufacturing defects that caused his accident. Plaintiff sought general damages, medical and related expenses, loss of earnings, property damage, consequential damages, interest and costs.

---

[1]The parties all treat plaintiff as a resident of Switzerland. They overlook an allegation in the complaint that he is a resident of France. In his answer to Cannondale's interrogatories, plaintiff stated that he was born in Switzerland, that he has a Swiss driver's license, and lives in Switzerland. We take the parties at their word, and treat plaintiff as a resident of Switzerland, noting that if he were, indeed, a resident of France, there is even less reason to try the case in Switzerland.

[2]Another defendant, Headshock Forks, is no longer a party to this action.

Cannondale answered the complaint in February 1999, including an affirmative defense that the action should be dismissed on the grounds of forum non conveniens. Two Wheels answered the complaint and filed a cross-complaint in March 1999. It did not raise forum non conveniens as an affirmative defense. According to the docket, Cannondale answered the cross-complaint and filed its own cross-complaint. Two Wheels answered the Cannondale cross-complaint.

In March 1999, Cannondale propounded over 50 form interrogatories to plaintiff. Plaintiff responded to the interrogatories the following month. Experts for the defendants examined the bicycle in 1999. Plaintiff made himself available for deposition in August 1999, but counsel for Cannondale was unavailable. Plaintiff attempted to arrange for his deposition and a medical examination in the week prior to a mediation scheduled for November 1999. Plaintiff filed two motions to compel based on defendants' failure to respond to form and special interrogatories.

In October 1999, Cannondale filed a motion to dismiss or stay the action on the grounds of forum non conveniens. Two Wheels' attempt to join in the motion was denied as untimely. Cannondale argued that plaintiff's case should be tried in Switzerland because it is a suitable alternative forum since Cannondale had offered to stipulate to jurisdiction in that forum and to waive the statute of limitations. It also contended that the second prong of the test, the weighing of private and public interest factors, favored trial in Switzerland. It noted that Swiss law would apply even if the matter were tried in California. Plaintiff opposed the motion and it was denied.

In its well-reasoned findings, the trial court concluded that Switzerland is a suitable alternative forum. But it also found that Cannondale had not met its burden of demonstrating that the action should be stayed or dismissed. The court recognized that the accident occurred in Switzerland and that plaintiff received his medical treatment there. It held: "However, the site of the accident is collateral to the issues raised by products liability and breach of warranty actions. Having the matter heard in California will ease the access to evidence regarding the design and manufacture of the subject bicycle, both of which took place in the United States. Unlike in the *Stangvik* [*v. Shiley Inc.* (1991) 54 Cal.3d 744 [1 Cal.Rptr.2d 556, 819 P.2d 14]] case, the action here involves a single injury due to an alleged manufacturing defect. Allowing the case to . . . go forward will not burden the California court system or otherwise offend the public interest."

Cannondale filed a petition for writ of mandate (*Cannondale v. Superior Court* (Dec. 2, 1999, B137134) [nonpub. opn.]). We issued an order directing it to lodge the joinder filed by Two Wheels and any other documents

relating to an offer by Two Wheels to submit to personal jurisdiction in Switzerland and to waive all statute of limitations defenses. After these documents were lodged, plaintiff filed a reply in which he argued that Two Wheels' joinder was untimely, and that Two Wheels had failed to stipulate to Swiss jurisdiction and to waive the statute of limitations defenses. Cannondale then lodged a declaration by Michael Mulrooney, president of the bicycle retailer business, stating that it would stipulate to Swiss jurisdiction and would waive the statute of limitations defense. Plaintiff objected to consideration of this declaration.

On March 13, 2000, we issued an alternative writ of mandate ordering the trial court to hear a motion by Cannondale for reconsideration, pursuant to Code of Civil Procedure section 1008, subdivision (b), of the order denying the forum non conveniens motion. We provided that the motion was to be heard "if such motion is based on the new and different circumstance that co-defendant Two Wheels One Planet has stipulated to submit to personal jurisdiction in the courts of Switzerland and will waive all statute of limitations defenses it might assert to an action by plaintiff in Switzerland; . . ." Alternatively, we directed the trial court to show cause why a peremptory writ of mandate should not issue.

In response, the trial court set a hearing on a motion for reconsideration. Cannondale renewed its motion to dismiss on the grounds of forum non conveniens. It argued there were new circumstances as required for reconsideration under Code of Civil Procedure section 1008, including the facts that Cannondale's insurer had accepted the tender of defense by Two Wheels, and that Two Wheels had stipulated to Swiss jurisdiction and had waived any statute of limitations defense.

Plaintiff opposed the motion to renew, arguing that the court properly exercised its discretion when it denied the original motion. He argued that the new facts relied upon by Cannondale did not justify a different result because they related only to the first prong of the test for forum non conveniens—whether jurisdiction was proper in Switzerland—which the trial court had originally resolved in Cannondale's favor. He also contended that Cannondale was dilatory in bringing the motion nearly one year after the complaint was filed, and after it had engaged in discovery.

The trial court once again held that Switzerland was a suitable alternative forum, but that Cannondale had not shown that the balance of public and private factors favored litigation in Switzerland.

Cannondale filed a second petition for writ of mandate in this court in June 2000, which was opposed by plaintiff (*Cannondale v. Superior Court*

(June 13, 2000, B142046) [nonpub. opn.]). We issued an alternative writ on July 7, 2000, requiring the trial court to "vacate the order entered May 10, 2000, which denied petitioner's motion for reconsideration of the November 3, 1999 order denying its *forum non conveniens* motion, and make a new and different order granting that motion and staying the action to permit plaintiff's claim to be litigated in Switzerland; . . . ."

The trial court complied with the alternative writ, vacating its order denying the renewed motion and granting the motion to dismiss on the grounds of forum non conveniens. The action was dismissed and judgment of dismissal was entered. Plaintiff filed a timely appeal.

DISCUSSION

I

■ In *Stangvik v. Shiley Inc., supra*, 54 Cal.3d 744 (*Stangvik*), a leading case on forum non conveniens, the Supreme Court explained the rule "is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere. [Citation.]" (*Id.* at p. 751.)

The defendant has the burden of proof. (*Stangvik, supra*, 54 Cal.3d at p. 751.) The first step in the analysis is whether the alternative forum is "a 'suitable' place for trial." (*Ibid.*) "A forum is suitable if there is jurisdiction and no statute of limitations bar to hearing the case on the merits. [Citation.] '[A] forum is suitable where an action "can be brought," although not necessarily won.' [Citation.]" (*Chong v. Superior Court* (1997) 58 Cal.App.4th 1032, 1036-1037 [68 Cal.Rptr.2d 427], quoting *Shiley Inc. v. Superior Court* (1992) 4 Cal.App.4th 126, 131 [6 Cal.Rptr.2d 38].) We review a determination of this issue de novo. (*American Cemwood Corp. v. American Home Assurance Co.* (2001) 87 Cal.App.4th 431, 436 [104 Cal.Rptr.2d 670].)

■ Both Cannondale and Two Wheels have stipulated to jurisdiction of the Swiss courts and to waive any statute of limitations defense. Despite these stipulations, plaintiff argues that Switzerland is not a suitable forum because the defendants did not stipulate to the enforcement of the judgment as the defendants did in *Stangvik* and *Campbell v. Parker-Hannifin Corp.* (1999) 69 Cal.App.4th 1534 [82 Cal.Rptr.2d 202].) Plaintiff asserts that neither defendant has assets in Switzerland.

Defendants point out that there is no support in the record for plaintiff's assertion that they have no assets in Switzerland. Furthermore, the *Stangvik*

court did not make enforceability of the judgment in the forum state a requirement. Instead, the court concluded: "The Judicial Council Comment makes it clear that the question of a suitable alternative forum depends not on the factors relevant to the convenience of the parties and the interests of the public, but on whether an action may be commenced in the alternative jurisdiction and *a valid judgment obtained there against the defendant.* [Citation.]" (*Stangvik, supra,* 54 Cal.3d at p. 752, fn. 3, italics added.) Similarly, the court of appeal in *Campbell v. Parker-Hannifin Corp., supra,* 69 Cal.App.4th 1534, did not make enforceability of the judgment in the alternative jurisdiction a requirement. Rather, the parties stipulated to satisfaction of a judgment or settlement. (*Campbell v. Parker-Hannifin Corp., supra,* 69 Cal.App.4th at p. 1540.)

Plaintiff may seek enforcement of a Swiss judgment by filing an action in California under the Uniform Foreign Money-Judgments Recognition Act (Code Civ. Proc., § 1713 et seq.). (Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 2001) ¶ 6.1850 et seq., p. 6J-19.)

Plaintiff also argues that Switzerland is not an available forum because he might not have a meaningful remedy there. He cites article 135 of the Swiss Federal International Private Law Act: " 'Article 135 (product liability). [¶] 1. Claims based on a defect in a product or in its description shall, at the choice of the injured party, be governed by: [¶] (a) The Law of the State in which the perpetrator [or the defective act] is established or, where there is no such establishment, where he has his habitual residence, or [¶] (b) The Law of the State in which the product was acquired unless the perpetrator can prove that the product has been marketed in that State without his consent. [¶] 2. *If the claims based on a defect in a product or in its description are governed by foreign Law, no compensation can be awarded in Switzerland other than that which would have been granted for such a prejudice under Swiss Law.'* " (Italics added.)

Plaintiff's position is contrary to *Stangvik.* The Supreme Court rejected the argument that less favorable law in the alternative jurisdiction is a basis for denying a motion based on forum non conveniens. It held: "In our view, the fact that an alternative jurisdiction's law is less favorable to a litigant than the law of the forum should not be accorded any weight in deciding a motion for forum non conveniens provided, however, that some remedy is afforded. [Citation.]" (*Stangvik, supra,* 54 Cal.3d at p. 754, fn. 5.)

We are satisfied that Switzerland is a suitable alternative forum.

## II

We turn to the balance of private and public interest factors. ██ Once again, the *Stangvik* court set out the relevant principles: "[T]he next step is to

consider the private interests of the litigants and the interests of the public in retaining the action for trial in California. The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation. [Citations.]" (*Stangvik, supra,* 54 Cal.3d at p. 751.) These factors are to be applied flexibly, without giving undue emphasis to any one element. (*Id.* at p. 753.)

The trial court's balancing of these factors is entitled to substantial deference. (*Chong v. Superior Court, supra,* 58 Cal.App.4th 1032, 1037.) In denying the original motion the trial court noted that other than the plaintiff, there is only one percipient witness to the accident in Switzerland; that defendants did not arrange a physical examination while plaintiff was in California for two months the previous summer; and that litigation in California would not burden the defendants. The court observed: "We're dealing with products liability, warranty, all arising here in the United States. The bicycle was purchased here. California has an interest in products which are sold in California as so far as their safety and use." The court expressed concern about whether Swiss or California law applies, and about the delay in bringing the motion.

At the hearing on the renewed motion, the trial court said that the new facts about Two Wheels' stipulating to Swiss jurisdiction and waiving the statute of limitations went only to whether Switzerland is a suitable alternate forum. The court agreed that it was. But as to the balancing of public versus private interests, the court found no new evidence. It said: "[A]pplying the test the court must apply, I believe—although there is an alternative jurisdiction where the case could have been filed, and no doubt the plaintiff did forum shopping, which is not unlike what the moving party is attempting to do in this case, I do believe that in—within the public interests of the State of California, the product sold in California, that there is substantial interest and that the case should continue here." The court repeated that the difference in remedies available in Switzerland did not factor into its decision.

■ Plaintiff relies heavily on *Brown v. Clorox Co.* (1976) 56 Cal.App.3d 306 [128 Cal.Rptr. 385], a case decided before *Stangvik, supra,* 54 Cal.3d 744. In *Brown,* residents of the state of Washington filed a products liability

action in California, where the product was manufactured. It was purchased in Washington, the injury occurred there, and all medical treatment was rendered there. The Court of Appeal reversed the trial court's order staying the action in California in favor of Washington as an abuse of discretion.

The court in *Brown* held that the plaintiff's choice of forum should not be disturbed. (*Brown v. Clorox Co., supra,* 56 Cal.App.3d at p. 311.) Assuming this reasoning is valid, it does not apply where the plaintiff is not a resident of the United States. (*Stangvik, supra,* 54 Cal.3d at p. 755; *Campbell v. Parker-Hannifin Corp., supra,* 69 Cal.App.4th at p. 1543.) In addition, all three defendants had principal places of business in California, two were incorporated in California, and the third was a subsidiary of a California corporation. (*Brown v. Clorox Co., supra,* 56 Cal.App.3d at pp. 311, 313-314.) Here, while Two Wheels is located in California, Cannondale is incorporated in Delaware with its principal place of business in Connecticut. *Brown* is not helpful to plaintiff.

Plaintiff argues that private interests favor retention of the case in California. As we have discussed, these are factors "that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses." (*Stangvik, supra,* 54 Cal.3d at p. 751.)

He asserts that Two Wheels is a California corporation, but his citations to the record to support this assertion do not bear him out.

There are relevant witnesses and documents available in both Switzerland and California. Plaintiff points out that the percipient and expert witnesses and documents regarding the design, production, testing, warranty, and sale of the bicycle are in California or may be compelled to testify or to be produced here. He has provided defendants his medical records, made himself available for medical examination here, and has stipulated to video depositions of any medical witnesses in Switzerland.

Defendants point out that the surviving percipient witness, the treating physicians, and the medical records are in Switzerland. But, as we have seen, plaintiff has suggested an efficient method for making that evidence available for trial in California. The private factors weigh in favor of trial in California.

We turn to the public interest factors aspect of the balancing test. The "public interest factors include avoidance of overburdening local courts with

congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation. [Citations.]" (*Stangvik, supra,* 54 Cal.3d at p. 751.)

We first dispose of the court congestion factor. *Stangvik* is distinguishable from our case. In *Stangvik,* there were 235 actions brought in California, with one million pages of documents and hundreds of witnesses. Thus, trial in California would have imposed a significant burden on California's already congested courts. (*Stangvik, supra,* 54 Cal.3d at p. 758.) Here, we have a single plaintiff with two defendants, represented by the same counsel. As the trial court concluded, little or no impact on court congestion may be expected to result from a trial in this state.

Defendants create a straw man in arguing that court congestion is a factor that should weigh in favor of trial in Switzerland. They assert that the ability of foreign nationals to bring actions in California courts, even one at a time, "would seriously burden our already congested courts." Defendants acknowledge plaintiff's argument that only a single action is involved here, as opposed to the 235 actions in *Stangvik,* a circumstance posing far less of a threat of court congestion. Then defendants posit a position by plaintiff which he does not take: "The plaintiff's contention on this point [the minimal impact on court congestion here], if correct, *would prevent dismissal unless the case were a class action or involved a large number of cases. This contention is plainly incorrect, as shown by the many cases involving singular plaintiffs where the court dismissed on grounds of forum non conveniens.* [Citations.]" (Italics added.)

As we read plaintiff's briefing, he does not take the extreme position defendants describe. We understand plaintiff to argue simply that *Stangvik* is distinguishable because the significant court congestion posed by the hundreds of actions in that case is not presented here. We agree with plaintiff.

Plaintiff argues that the local community has a concern about the case because Two Wheels sold and continues to sell Cannondale bicycles in Southern California. He contends that California has a strong interest in preventing the production and sale of defective products in this state, as the trial court found. The *Stangvik* court described this as an interest in deterring negligent conduct; "the likelihood of a substantial recovery against such a manufacturer strengthens the deterrent effect." (*Stangvik, supra,* 54 Cal.3d at

p. 759.) In contrast, plaintiff asserts that Switzerland has little interest in this case.

He also argues that defendants' conduct is adverse to public policy because they "waited nine months to bring the motion which could have been brought based on the allegations of the complaint; they played games with discovery; ignored a mediation date; refused to answer interrogatories and then had the audacity to tell the court that the reason they waited so long and wasted so much time was to conduct discovery to 'bolster' their motion."

Counsel for Cannondale told the trial court that the forum non conveniens motion was delayed to allow time to conduct discovery relevant to that issue. But the form interrogatories propounded by Cannondale went beyond the forum non conveniens factors, by inquiring into the substance of plaintiff's claims for medical and lost wages damages. In an analogous case, *Groom v. Health Net* (2000) 82 Cal.App.4th 1189 [98 Cal.Rptr.2d 836], we discussed cases that have held that prejudice can be established when a party uses judicial discovery procedures for an unfair advantage, e.g., using discovery procedures not available in arbitration to discover plaintiff's strategy and evidence before moving to compel arbitration. (*Id.* at p. 1196.)

In *Stangvik*, the Supreme Court concluded that the balance of private and public interests favored trial in a Scandinavian nation. The private factors weighed somewhat in favor of trial in Scandinavia. The defendants promised to supply evidence relating to the design and production of the heart valves in Scandinavia, eliminating any burden on plaintiffs. The court found that both parties would suffer some disadvantage related to the availability of witnesses. (*Stangvik, supra*, 54 Cal.3d at pp. 762-763.)

The Supreme Court in *Stangvik* found that the public interest factors "clearly" favored defendants' position. (*Stangvik, supra*, 54 Cal.3d at p. 763.) The court was influenced by the great burden that trying numerous complex actions in California would impose on the courts. (*Ibid.*) Defendants cite *Stangvik* in arguing that California's interest in deterring future improper conduct (i.e., producing and selling defective bicycles in California) would be vindicated in similar actions brought in the future by California residents. But the balance of factors is different here. The *Stangvik* court placed considerable weight on the fact that there were 235 actions pending in California relating to the heart valve, and it assumed that plaintiffs in some of those actions were California residents. The court concluded: "The burden

imposed on defendants in trying these cases by California residents in the California courts, and the damages that defendants might be required to pay if they are found liable, would provide sufficient deterrence to prevent wrongful conduct in the future even if the suits filed by nonresident plaintiffs were tried elsewhere." (*Stangvik, supra*, 54 Cal.3d at pp. 759, 763.)

Here, there are no other known actions against Cannondale or Two Wheels alleging defects in the same model of bicycle. Therefore, California's interest in deterring negligent design, production and sale of products would not be vindicated in any other way. The public factors weigh in favor of trial in California.

Similarly, *Campbell v. Parker-Hannifin Corp., supra*, 69 Cal.App.4th 1534, is distinguishable. That case involved 20 separate plaintiffs in multiple wrongful death actions arising from the crash of an airplane in Australia. The plane was manufactured in Kansas, operated for 19 years by a Georgia-based company, and was modified for the long-distance flight to its new owners in Australia by a California company. Equipment used in the modification was purchased from a California corporation. The Court of Appeal found that the private factors were evenly weighted, since evidence of damages was in Australia, and evidence relating to the design and manufacture of the aircraft was in the United States. But the court held that the public interest favored trial in Australia because the trial of 20 separate wrongful death claims would contribute to court congestion and California's interest in the case was "not sufficient to justify the commitment of judicial time and resources that would be required if the case were tried here. [Citation.]" (69 Cal.App.4th at p. 1542.)

As we have discussed, the specter of significant court congestion which weighed so heavily in *Campbell* is simply not presented here.

On balance, we find no abuse of discretion in the trial court's decision denying the original and renewed motions for a dismissal based on forum non conveniens. The private factors, balanced with the public factors which favor trial in California, support the trial court's decision to exercise its discretion in favor of trial in California. We recognize that the trial court entered the judgment of dismissal appealed from as a result of our alternative writ. We have fully considered the factors that bear on this issue and, giving appropriate deference to the trial court's careful exercise of discretion, we conclude that the trial court properly exercised its discretion in the first instance, and reverse the judgment of dismissal.

## DISPOSITION

The judgment of dismissal is reversed. Each side is to bear its own costs on appeal.

Vogel (C. S.), P. J., and Curry, J., concurred.

Respondents' petition for review by the Supreme Court was denied December 18, 2002. Kennard, J., was of the opinion that the petition should be granted.