Filed 4/29/15  Conway v. Martin CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DANIEL CONWAY, | B257254 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC501588) |
| v. | |
| JOSEPH PATRICK MARTIN, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ernest M. Hiroshige, Judge.  Affirmed.

The Dion-Kindem Law Firm, Peter R. Dion-Kindem, for Defendant and Appellant.

Law Offices of Cary W. Goldstein, Cary W. Goldstein and Sarah C. Clark, for Plaintiff and Respondent.

Defendant and appellant Joseph Patrick Martin, Jr. challenges the trial court's order staying several of his cross-claims on forum non conveniens grounds. We deny his request for judicial notice and affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and respondent Daniel Conway sued Martin pursuant to *Marvin v. Marvin* (1976) 18 Cal.3d 660, which recognized as enforceable express or implied contracts between nonmarital partners. Conway's complaint mentioned a vacation home in Mexico ("the Mexico home") but none of his four asserted causes of action for breach of contract, partition of personal property, conversion of personal property, and promissory estoppel pertained directly to the Mexico home.

Martin generally denied all of Conway's allegations and asserted thirteen affirmative defenses, including set-off. Martin also filed a cross-complaint alleging causes of action for false imprisonment, intentional infliction of emotional distress, conversion, and partition and sale of the Mexico home. He alleged that Conway converted furniture located in the Mexico home and intentionally inflicted emotional distress upon him by falsely imprisoning him in the bedroom of the Mexico home for approximately twelve hours on January 1, 2013.

Conway moved to stay Martin's cross-complaint under the doctrine of forum non conveniens.[1] Conway argued that Mexican courts provided a suitable alternative forum in which Martin could adjudicate his claims. In support of this contention, Conway cited cases in which federal and California courts made that very finding. Conway also provided a declaration from Mauricio Leon de la Barra (Leon de la Barra), an attorney licensed to practice in California and all of the states of Mexico who formerly chaired the International Law Section of the Los Angeles County Bar Association. Leon de la Barra

---

[1] Conway waited ten months after Martin filed his cross-complaint to file his motion. Martin did not cite this delay in his opposition to the motion, and does not raise it on appeal, even though Courts of Appeal have found similar delays significant in other forum non conveniens cases in which discovery was underway when the motion was filed. (See *Martinez v. Ford Motor Co.* (2010) 185 Cal.App.4th 9, 18; *Roulier v. Cannondale* (2002) 101 Cal.App.4th 1180, 1185, 1191 (*Roulier*).)

2

stated that "each of Martin's cross-claims may be brought under the law of Mexico in the civil courts of Mexico, specifically, in the State of Oaxaca, where the events pled in the cross-complaint are alleged to have occurred and where the subject real and personal property is located." Leon de la Barra further opined that "[t]he civil courts of Mexico are authorized by law to adjudicate claims of the type Martin has alleged in this action as cross-claims" and "will adjudicate such claims if Martin commences an action there." He also stated that "a limitations period of two years governs the cross-claims as Martin may bring them in the civil courts of Mexico."

Conway further argued that both private and public interests favored adjudication of the cross-claims in Mexico. Private interests are "those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses." (*Stangvik v. Shiley, Inc.* (1991) 54 Cal.3d 744, 751 (*Stangvik*).) Conway contended that all of the witnesses he intended to call to refute Martin's cross-claims resided in Mexico and were unwilling and/or unable to travel to the United States. Conway attached declarations from all six of these witnesses to his motion. He also asserted that "Martin has stipulated to the jurisdiction of the civil courts of San Pedro Pochutla, Oaxaca, Mexico, in all matters concerning the property," and attached a "comodato" written in Spanish that purportedly contained Martin's stipulation. One of Conway's witnesses, a signatory to the comodato, declared that the "fifteenth clause provides that Conway, Martin, and I submit to the jurisdiction of the local communal land council in all matters and disputes concerning" the Mexico home. As to the public interests, Conway contended that factors such as "avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation" (*Stangvik*, 54 Cal. 3d at p. 751), also favored the Mexican forum.

3

Martin opposed Conway's motion. Martin argued that there was "no justification to stay the prosecution of Martin's cross-claims pursuant to the forum non conveniens doctrine." He contended that Conway failed to show that he (Martin) could obtain an enforceable judgment in Mexico, dismissing Leon de la Barra's declaration as "purely conclusory" and Conway's brief as bereft of citations to "any law or statute in Mexico that recognizes the viability" of the cross-claims or "law establishing that a judgment obtained in Mexico by Martin against Conway would be enforceable against Conway." Martin further challenged Conway's weighing of the private and public interest factors. In response to Conway's assertion that key witnesses would be unavailable if the proceedings continued in California, Martin, citing *Roulier, supra,* at p. 1189, offered to "stipulate to the use of video-taped depositions of such witnesses at trial in California." As to the public interest factors, Martin pointed out that both he and Conway are California residents and argued that "[i]nterests in judicial efficiency and minimizing litigation costs also favor maintaining all the claims as one contiguous action in California." He further contended that his cross-complaint "raises issues that are directly related to Conway's claims" such that "requiring Martin to pursue his cross-claims in Mexico would simply result in the trial of identical issues in two separate forums," and attached in support excerpts from Conway's deposition concerning promises and alleged damages pertaining to the Mexico home. He did not mention the comodato or challenge Conway's evidence interpreting its provisions.

In reply, Conway argued that Martin "effectively admit[ted]" that Mexico was a suitable forum for the cross-claims by failing to cite facts or law to the contrary. He nonetheless filed a supplemental declaration from Leon de la Barra opining that Mexican courts "would be entitled to enter judgment against Conway on claims of the types Martin has alleged as cross-claims" and reiterated his contention that Martin had stipulated to jurisdiction of the Mexican courts in the comodato. Conway also challenged Martin's assertions that the cross-claims were inextricably intertwined with the causes of action pleaded in the complaint, contended that Martin's reliance on Conway's deposition testimony instead of the allegations of the complaint was improper, and argued that

4

Martin "misapplies *Roulier v. Cannondale*, and his offer to use videotaped depositions of Conway's witnesses is a plainly inadequate solution."

On May 30, 2014, the court granted Conway's motion to stay Martin's cross-claims for false imprisonment, intentional infliction of emotional distress, and partition of the Mexico home but denied the motion as to Martin's cross-claim of conversion. In its minute order, the court explained that "the basis of the Tentative Ruling" – which is not in the record – "stands and in addition, the Court incorporates, by this reference, Conway's moving and reply papers as further justification and rationale for this ruling."

Martin timely appealed.

## DISCUSSION

### I. Request for Judicial Notice

After appellate briefing was complete, Martin filed a request for judicial notice pursuant to Evidence Code sections 451, subdivision (f) and 452, subdivision (h). He requested that we take judicial notice of a translation of paragraph 15 (and only paragraph 15) of the comodato, the provision purportedly containing his consent to jurisdiction in Mexico. We denied the request without prejudice, noting that the certificate of accuracy by the translator was signed by "TranZlations," rather a "person" able to authenticate the document. Martin subsequently refiled his request for judicial notice of the translated paragraph, this time accompanied by a notarized certification signed by Diana V. Valori, an "accredited translator registered with the American Translators Association and certified to translate both from English into Spanish and from Spanish into English." Conway did not oppose the request.

We nonetheless deny the request. "Reviewing courts generally do not take judicial notice of evidence not presented to the trial court. Rather, normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' [Citation.]" (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 (*Vons Companies, Inc.*); see also *Hahn v. Diaz-Barba* (2011) 194 Cal.App.4th 1177, 1194 (*Hahn*) ["""An appellate court may properly decline to take judicial notice . . . of a matter

5

which should have been presented to the trial court in the first instance."'  [Citation.]"].)

Here, the trial court had before it only the untranslated comodato and a declaration from the Mexican signatory attesting to its tenor and the contents of three of its clauses. Martin has not indicated that any exceptional circumstances precluded him from obtaining a translation earlier in the proceedings (*Vons Companies, Inc.*, *supra*, 14 Cal.4th at p. 444, fn. 3) or merit our taking notice of the short excerpt now.  Moreover, the translation is not necessary to our resolution of this appeal.  Accordingly, the request is denied.

## II.     **Forum Non Convenien*s***

### A.     *Applicable Law*

"Forum non conveniens is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere." (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)  The doctrine is codified in Code of Civil Procedure section 410.30, which provides in subdivision (a) that "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

The California Supreme Court set forth in *Stangvik* a two-step procedure for trial courts to follow when analyzing whether an action should be dismissed or stayed on forum non conveniens grounds.  First, the court "must determine whether the alternate forum is a 'suitable' place for trial." (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)  "This is a nondiscretionary determination."  (*Chong v. Superior Court* (1997) 58 Cal.App.4th 1032, 1036; see also *Stangvik*, *supra*, 54 Cal.3d at p. 752, fn. 3.)  "A forum is suitable if there is jurisdiction and no statute of limitations bar to hearing the case on the merits.  [Citation.] '[A] forum is suitable where an action "can be brought," although not necessarily won.' [Citation.]"  (*Chong*, *supra*, 58 Cal.App.4th at p. 1036-1037.)  In rare circumstances where the proposed alternative forum is in a foreign country that lacks an independent

6

judiciary, a forum that meets the standard criteria nonetheless may be unsuitable. (*Id.* at p. 1037.)

If the "threshold inquiry" (*Stangvik*, *supra*, 54 Cal.3d at p. 752, fn. 3) of suitability is satisfied, "the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California" (*id.* at p. 751). "The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Ibid.*) Courts must consider these factors "flexibly, without giving undue emphasis to any one element. A court should not decide that there are circumstances in which the doctrine will always apply or never apply. Otherwise, the flexibility of the doctrine would be threatened, and its application would be based on identification of a single factor rather than the balancing of several." (*Id.* at p. 753.)

The moving party bears the burden of proof. (*Id*. at p. 751.)

## B.     *Standards of Review*

There is a split of authority regarding the standard of review applied to the threshold suitability inquiry. (See *National Football League v. Fireman's Fund Insurance Company* (2013) 216 Cal.App.4th 902, 918; see also Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2014) ¶ 8:104b.) The *Stangvik* court appears to have applied the substantial evidence standard (see *Stangvik*, *supra*, 54 Cal.3d at p. 754 ["In the present case, the trial court found that Sweden and Norway were adequate alternative forums. . . . [T]he trial court's determination of these issues is supported by substantial evidence, and we defer to its conclusion."]), and some courts of appeal cases have applied that standard as well. (See *Guimei v. General*

7

*Electric Co.* (2009) 172 Cal.App.4th 689, 696; *Chong v. Superior Court*, *supra*, 58 Cal.App.4th at p. 1038 ["Because there is evidence that Hong Kong courts will continue to provide due process, Hong Kong remains a suitable alternative forum."]; *Rinauro v. Honda Motor Co.* (1995) 31 Cal.App.4th 506, 509.) Other courts have concluded that since suitability of the alternative forum is a nondiscretionary determination, it is subject to de novo review. (E.g., *Investors Equity Life Holding Co. v. Schmidt* (2011) 195 Cal.App.4th 1519, 1528; *Hahn*, *supra*, 194 Cal.App.4th at p. 1187; *Roulier*, *supra*, 101 Cal.App.4th at p. 1186; *American Cemwood Corp. v. American Home Assurance Co.* (2001) 87 Cal.App.4th 431, 436.) Both parties to this appeal assert that we should apply the de novo standard of review. We need not resolve the issue; the outcome in this case is the same under either standard.

The case law regarding the standard of review applicable to the second portion of the test is more uniform. "The secondary balancing inquiry is subject to an abuse of discretion standard of review under which we give the court's determination substantial deference. (*Stangvik*, *supra*, 54 Cal.3d at p. 751; *Chong v. Superior Court*, *supra*, 58 Cal.App.4th at p. 1037.)" (*Hahn*, *supra*, 194 Cal.App.4th at p. 1187; see also *Guimei*, *supra*, 172 Cal.App.4th at p. 696; *Roulier*, *supra*, 101 Cal.App.4th at p. 1188.) We agree with the parties that an abuse of discretion standard applies to the balancing inquiry.

As in all cases, we abide by the fundamental principles of appellate review: "(1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.) Thus, to prevail, Martin must demonstrate that the trial court's suitability analysis was not supported by substantial evidence or was not legally correct, and that there is no reasonable or even fairly debatable justification for the trial court's balancing of the public and private interest factors (see *Hahn*, *supra*, 194 Cal.App.4th at p. 1195; see also *id.* at p. 1198 ["we cannot say no reasonable judge would make the same ruling"]).

8

## C. Analysis

### 1. Suitability of Forum

In his opening brief, Martin contends that "Conway simply did not meet his burden of showing with admissible evidence that Mexico was a suitable alternative forum, " because his declaration from attorney Leon de la Barra "did not cite any law or statute in Mexico that recognizes the viability of Martin's claims in Mexico" and "Conway cited no law establishing that a judgment obtained in Mexico by Martin would be enforceable against Conway." Martin does not challenge Leon de la Barra's credentials or qualification to render an expert opinion, nor does he cite any authority supporting his implicit contentions that Leon de la Barra's declaration was inadmissible or insufficient to demonstrate that Mexico was a suitable forum.

As Conway points out, the *Hahn* court found admissible and sufficient a very similar declaration from a Mexican attorney and specialist in international law. (*Hahn*, *supra*, 194 Cal.App.4th at pp. 1192-1193.) At least one other court likewise accepted expert testimony as evidence on the issue of Mexico's suitability as a forum (see *Martinez v. Ford Motor Co.*, *supra*, 185 Cal.App.4th at p. 18 ["Indeed, Ford's expert witness on Mexican law stated, 'We don't have discovery in Mexico.' Although Ford's witness may have been slightly exaggerating, we nonetheless accept as well-taken the point that Ford and Cooper Tire could not have received in Mexico the discovery that they got while litigating in California."]) Courts accept expert declarations as evidence of other issues pertaining to the Mexican legal system as well (see *Rosales v. Battle* (2003) 113 Cal.App.4th 1178, 1183 [relying on expert testimony concerning Mexican law on marriage].) Martin's unsupported suggestions that Leon de la Barra's declaration was inadmissible or did not constitute substantial evidence accordingly is not persuasive. The declaration was substantial evidence upon which the trial court was entitled to rely when evaluating whether Mexico constituted a suitable alternative forum for Martin's cross-claims. Moreover, it supported the court's apparent conclusion – and ours, on de

9

novo review – that Conway was subject to jurisdiction in Mexico and that Martin's claims were both viable and timely there.

In his reply brief, Martin tries another tack. Relying on Leon de la Barra's testimony that the Mexican statute of limitations applicable to his cross-claims is two years, he contends that his cross-claims became untimely on January 1, 2015 such that he can no longer pursue them in a Mexican court. Setting aside both Martin's reliance on evidence he earlier challenged as "purely conclusory" and the belated nature of the argument (see *People v. Tully* (2012) 54 Cal.4th 952, 1075 ["It is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party."])[2] We reject the argument on the merits. Martin has given us no basis from which to conclude that the expiration of the statute of limitations approximately seven months after the trial court's ruling renders Mexico an unsuitable forum.

It is unclear from the record whether the statute of limitations in Mexico may have been tolled while Martin's cross-claims were pending in California. (See *Roman v. Liberty University, Inc.* (2008) 162 Cal.App.4th 670, 683.) Assuming it was not, we cannot conclude that Martin's delay in filing his claims overcomes the presumption of correctness we afford to the trial court's judgment at the time it issued. At the time the court ruled, Martin had ample time in which to file his viable claims in Mexico, seek a stipulation that Conway would not assert the statute of limitations as a defense to the claims, or take other steps to preserve his claims.[3] He evidently did not do so and must

---

[2]     We recognize that the limitations period had not lapsed when Martin filed his opening brief in September 2014. Nonetheless, Martin mentioned the statute of limitations only once in his opening brief, in his discussion of the standard of review, and did not make any argument regarding the rapidly closing limitations period so as to alert Conway to this argument and afford him an opportunity to respond.

[3]     Code of Civil Procedure section 410.30, subdivision (a) permits the court to subject its grant of a forum non conveniens motion to "any conditions that may be just." Courts have imposed the tolling of statute of limitations in the alternate forum as one such condition. (See *Stangvik*, *supra*, 54 Cal.3d at p. 750, fn. 2.) Martin does not appear

10

bear the consequences of that forbearance. Were it otherwise, a litigant challenging an adverse forum non conveniens ruling on appeal would have a perverse incentive to delay its appeal (whether by seeking extensions, filing motions, or employing other strategic tactics) in an effort to outlast the statute of limitations applicable in the alternate forum and thereby guarantee victory. We decline to open the door to such tactical maneuvering, particularly on the facts and record of this case, in which Conway affirmatively asserts he is subject to jurisdiction in Mexico and in which Martin failed to produce any evidence refuting Conway's on the issues of jurisdiction and statutes of limitations.[4]

## 2. *Balancing of Private and Public Interests*

Because we affirm the trial court's conclusion that the threshold suitability inquiry was satisfied, we next consider whether the trial court abused its discretion in balancing the private and public interests. Given the record before us, this is a difficult assessment to make. The order from which Martin appealed provides little insight into the court's weighing of the pertinent considerations. It states simply, "[t]he basis of the Tentative Ruling stands and in addition, the Court incorporates, by this reference, Conway's moving and reply papers as further justification and rationale for this ruling." Martin has not provided us with the court's written tentative ruling or the transcript of the April 15, 2014 hearing, which effectively precludes us from reviewing the court's exercise of its discretion. We must presume the court exercised its discretion in permissible fashion,

---

to have requested a tolling condition below, and it is unclear from the limited record whether the court imposed one.

[4] Martin likewise did not present the trial court with any evidence to refute Conway's interpretation of the comodato's forum selection clause, the application of which is subject to a different inquiry than the forum non conveniens motion. (*Trident Labs, Inc. v. Merrill Lynch Commercial Finance Corp.* (2011) 200 Cal.App.4th 147, 153.) When a party provides evidence of a forum selection clause, "'the forum selection clause is presumed valid and will be enforced unless the [other party] shows that enforcement of the clause would be unreasonable under the circumstances of the case.' [Citations.]" (*Id.* at p. 154.) The trial court is vested with the discretion to enforce a forum selection clause (*ibid.*), and the trial court would have been well within its discretion to enforce the clause here on the record before it.

11

and Martin has not provided an adequate record affirmatively proving otherwise. (*Fladeboe v. American Isuzu Motors Inc.*, *supra*, 150 Cal.App.4th at p. 58.) Instead, both he and Conway proceed as though the matter is subject to de novo review; they outline the pertinent case law and make arguments as to how the relevant factors should be weighed but furnish no information (or argument) regarding the court's exercise of its discretion, which factors it considered, or how it analyzed, weighed, and balanced them. We reject their "implicit invitation to engage in a de novo review." (*National Football League v. Fireman's Fund Insurance Company*, *supra*, 216 Cal.App.4th at p. 936.) Our deferential review of the record before us demonstrates that the court's decision to stay three of Martin's cross-claims on forum non conveniens grounds was not an abuse of discretion. The question may have been a close one, but "'[a] record presenting facts on which reasonable minds may differ is not a record establishing an abuse of discretion.' [Citation.]" (*Ali v. U.S.A. Cab Ltd.* (2009) 176 Cal.App.4th 1333, 1351-1352.)

It is reasonable to conclude that the private interest factors, "such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses" (*Stangvik*, *supra*, 54 Cal.3d at p. 751), weighed in favor of a Mexican forum. Although Martin is correct that his status as a California resident entitled him to a presumption in favor of his chosen home-state forum (see *National Football League v. Fireman's Fund Insurance Company*, *supra*, 216 Cal.App.4th at p. 924; *Hahn*, *supra*, 194 Cal.App.4th at p. 1195), no one factor is determinative. (*Stangivk*, *supra*, 54 Cal.3d at p. 753.) Conway submitted six declarations from witnesses attesting to their inability to attend proceedings in the United States. Martin made no countervailing showing regarding other witnesses or sources of proof. Instead, he claimed Conway's "evidence has no weight" because he was "willing to stipulate to the use of video-taped depositions of such witnesses at trial in California." Martin relied heavily on *Roulier*, in which the party opposing dismissal or stay of his California action "stipulated to video depositions of any medical witnesses in Switzerland." (*Roulier*, *supra*, 101 Cal.App.4th at p. 1189.)

12

*Roulier* is distinguishable, however. In that case, a resident of Switzerland injured himself in Switzerland while riding a bicycle manufactured in and purchased from California. (*Id.* at p.1183.) He sued both the manufacturer and bicycle store in California, "alleging causes of action for strict product liability, negligent product liability, and breach of warranty." (*Id.* at p. 1183.) The trial court, whose ruling we eventually upheld (see *id.* at p. 1192), denied defendant's motion to stay or dismiss on forum non conveniens grounds in part because "[h]aving the matter heard in California will ease the access to evidence regarding the design and manufacture of the subject bicycle, both of which took place in the United States," notwithstanding the presence of some medical witnesses in Switzerland (*id.* at p. 1184.). We characterized plaintiff's stipulation to video depositions of those witnesses as "an efficient method for making that evidence available for trial in California." (*Id.* at p. 1189.) Here, it is reasonable to conclude that any efficiency would be undercut by the apparent absence of any evidence located in California. We agree with Conway that "[i]t is doubtful that the *Roulier* court intended that videotaped depositions for all witnesses would be appropriate." Moreover, the cross-claims the court stayed pertain to conduct that occurred in Mexico; the nexus between the causes of action and Martin's chosen forum is substantially more tenuous than it was in *Roulier*.

The public interest factors present a close question. Given the singular nature of Martin's cross-claims, court congestion is not a significant consideration. (*Roulier*, *supra*, 101 Cal.App.4th at p. 1190.) The interests of potential jurors could go either way. On the one hand, the local community is not likely to be concerned with whether a man was falsely imprisoned in a house in Mexico, or with whom the rights to the house lie, particularly where the latter dispute involves inquiry into an unfamiliar body of foreign law. On the other hand, both Conway and Martin are California residents, and one could argue that a California jury would be concerned with their well-being and the fair apportionment of their property. Likewise, California has an interest in settling disputes between its citizens, while Mexico has an interest in deterring tortious conduct within its borders and in adjudicating claims involving property located there.

13

Martin also contends that some other factors that are neither "public" nor "private" should have convinced the court to deny Conway's motion. He asserts that his cross-claims, particularly his request for partition, are "directly relevant" to Conway's claims and should be adjudicated in the same proceeding. In his view, "[i]t is unfair for Conway to ask a California court to resolve issues regarding alleged partnership assets such [as] bank accounts and personal property, and at the same time claim that the California court cannot resolve issues regarding one of the largest alleged partnership assets, the Mexico Property." He further argues that he may not be able to present his affirmative defense of set-off if his cross-claims are not adjudicated in the same proceeding as Conway's claims. Conway responds that these factors are "immaterial and inapplicable."

We agree with Martin that the trial court was entitled to consider these additional factors if it believed doing so was appropriate. (We reiterate that we do not know whether it did.) Forum non conveniens is foremost an equitable doctrine, and, as we noted above (*infra*, at p. 2, fn. 1), courts do consider factors in addition to those articulated in *Stangvik* when resolving forum non conveniens motions. We further agree that a trial court reasonably could conclude that it would be more efficient and practical to resolve any dispute over the parties' interest in the Mexico home contemporaneously with Conway's claims regarding their personal property. Nonetheless, we think a court reasonably could find these factors unpersuasive in light of the uncontroverted evidence Conway presented regarding the parties' ownership interest (or lack thereof) in the Mexico home.[5] It would be equally reasonable for a court to conclude that Marvin's claims of false imprisonment and intentional infliction of emotional distress are wholly distinct from Conway's *Marvin* claims. It would not be reasonable, however, for a court to preclude Martin from asserting the affirmative defense of set-off against Conway because his cross-claims are more appropriately litigated in a different forum. A set-off "occurs at the end of litigation and 'is a means by which a debtor may satisfy in whole or

---

[5] We further note Martin's concession that, on Conway's evidence, "it appears that the contractual permissive right of possession" he and Conway had in the Mexico home "cannot properly be the subject of a real estate 'partition' action."

14

in part a judgment or claim held against him out of a judgment or claim which he has subsequently acquired against his judgment creditor.  The right exists independently of statute and rests upon the inherent power of the court to do justice to the parties before it. [Citations.]'  [Citation.]"  (*Keith G. v. Suzanne H.* (1998) 62 Cal.App.4th 853, 860-861.) Indeed, Conway concedes that "there is nothing preventing Martin from obtaining a judgment against Conway in Mexico and using that as an offset defense in this action."

On the record before us, we cannot conclude that the trial court abused its discretion by determining that, on balance, the relevant factors favored Mexico rather than California.  We emphasize that our conclusion rests in sizeable part upon our inability to determine what factors the court considered and how it balanced them.  We hold only that the trial court's ultimate conclusion was not outside the bounds of reason on the appellate record before us.

## DISPOSITION

The motion for judicial notice is denied and the judgment of the trial court is affirmed.  Costs are awarded to respondent.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


WILLHITE, Acting P. J.


MANELLA, J.


15