[Nos. G011110, G011111. Fourth Dist., Div. Three. Mar. 3, 1992.]

SHILEY INCORPORATED et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ARLYN R. ALSUP et al., Real Parties in Interest.

SHILEY INCORPORATED et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
SHEILA MOORE et al., Real Parties in Interest.

128

**COUNSEL**

Kaye, Schoeler, Fierman, Hays & Handler, Pierce O'Donnell, Kenneth A. Freeling, Jeffery S. Gordon, Palmieri, Tyler, Weiner, Wilhelm & Waldron and Frank C. Rothrock for Petitioners.

Nielsen, Merksamer, Parrinello, Mueller & Naylor, Steve Merksamer and John E. Mueller as Amici Curiae on behalf of Petitioners.

No appearance for Respondent.

Caputo, Liccardo, Rossi, Sturgess & McNeil, Laura Liccardo Harp and Salvador A. Liccardo for Real Parties in Interest.

Ian Herzog as Amici Curiae on behalf of Real Parties in Interest.

**OPINION**

**MOORE, J.**—Following the denial of their motions to dismiss or stay tort actions filed by out of state residents, petitioners seek peremptory writs of

mandate directing the court to issue orders staying or dismissing the actions on the ground of forum non conveniens or to reconsider the motions. At the time of its ruling, the superior court did not have the benefit of the California Supreme Court's decision in *Stangvik* v. *Shiley Inc.* (1991) 54 Cal.3d 744 [1 Cal.Rptr.2d 556, 819 P.2d 14] (hereafter *Stangvik*). Because it appears the trial judge may have relied on cases disapproved in *Stangvik*, we direct the court to reconsider the motions in light of *Stangvik* and the following discussion.

## I

Shiley, incorporated in California, and Pfizer, a Delaware corporation with its principal place of business in New York, produced artificial heart valves in this state for worldwide distribution. Grindley, a California corporation, supplied flanges for those products. Real parties in interest are 39 plaintiffs who filed complaints for damages, asserting product liability and related claims arising from the implantation of petitioners' heart valves at hospitals outside California. In one case (No. G011110, Alsup et al.), 15 of the 17 plaintiffs are residents of Washington, Oregon, and Montana. Each of nine plaintiffs in that case was implanted with the valves in the state of his or her residence, with the exception of Alsup, a Washington resident whose valve was implanted in Florida. In the other case (No. G011111, Moore et al.), 20 of the 22 are residents of Wisconsin or Florida. Ten of these plaintiffs were implanted with the valves at hospitals in Wisconsin.[1] The balance of the plaintiffs in both cases are spouses suing for loss of consortium.

Although their artificial heart valves have functioned since implantation, plaintiffs allegedly suffer physical and emotional distress as a result of the knowledge that the valves may be defective and may fracture or malfunction without warning, causing death or severe physical injury. Because the valves have not failed, under California law there is currently but one viable cause of action, for fraud. (*Kahn* v. *Shiley Inc.* (1990) 217 Cal.App.3d 848, 857-858 [266 Cal.Rptr. 106].) Nevertheless, plaintiffs' complaints assert theories of strict liability, negligence, breach of express and implied warranty, negligent misrepresentation, and intentional infliction of emotional distress, in addition to fraudulent misrepresentation and concealment.

Petitioners specially appeared in these actions and filed motions under Code of Civil Procedure section 410.30[2] to dismiss or stay the suits on forum non conveniens grounds. The motions claimed the Superior Court of Orange

---

[1]Four of the plaintiffs are residents of California. Petitioners' motions to dismiss or stay the actions are not directed at the causes of action asserted by those plaintiffs.

[2]All statutory references are to the Code of Civil Procedure unless otherwise specified.

County was an inappropriate and inconvenient forum for the trial of these claims and that they should be heard in the plaintiffs' home jurisdictions. In connection with their motions, defendants offered to stipulate: (1) to submit to the jurisdiction of the courts of plaintiffs' home states; (2) to use best efforts to make past or present employees reasonably available to testify at trial in plaintiffs' home states at petitioners' cost, if so ordered within the discretion of the courts of plaintiffs' home states; (3) to obey any discovery orders of the courts of plaintiffs' home states; (4) to agree that any statutes of limitations shall have been tolled during the pendency of these actions in California; (5) to make documents in their possession in California available for inspection, at petitioners' expense, as required by the courts of plaintiffs' home states; (6) to pay any judgment rendered by the courts of plaintiffs' home states; and, (7) to agree that any depositions in plaintiffs' home states might proceed under section 2029. The stipulation is identical to that offered by Shiley and Pfizer in the *Stangvik* case. (See *Stangvik, supra,* 54 Cal.3d at p. 750, fn. 2.)

Petitioners' motions accuse plaintiffs of forum shopping and are supported by the declarations of attorneys practicing in Washington and Wisconsin. Petitioners' Wisconsin attorney noted that Wisconsin courts have granted summary judgment for defendants where, as here, it is alleged plaintiffs suffered emotional distress due to the possibility that a product might fail. (See *O'Brien* v. *Medtronic, Inc.* (1989) 149 Wis.2d 615 [439 N.W. 2d 151].) As a result, according to petitioners' counsel, Wisconsin plaintiffs have voluntarily dismissed actions there and refiled them in California "to take advantage of" California law. Petitioners' Washington attorney also opined that state courts there do not recognize "causes of action arising from the use or purchase of a product in the absence of injury from a failure or malfunction of that product."

On May 8, 1991, following a brief hearing, the superior court denied the motions to stay or dismiss. The court stated that petitioners had "failed to show the kind of weighty reasons to interfere with the plaintiff's [*sic*] choice of forum that case law requires. In fact, I find it rather ludicrous for defendant residing in Orange County saying it is an inconvenient forum to try a case here rather than Florida, Washington and Oregon."

The superior court extended the time within which petitioners might bring the instant petitions for writs of mandate by 20 days. (§ 418.10.) Following the filing of the petitions, we ordered the matters consolidated for all purposes.

II

The doctrine of forum non conveniens was introduced in this state many years ago by judicial decision. (*Price* v. *Atchison, T. & S.F. Ry. Co.*

(1954) 42 Cal.2d 577, 580-583 [268 P.2d 457, 43 A.L.R.2d 756] (hereafter *Price*).) It is "an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere." (*Stangvik, supra,* 54 Cal.3d at p. 751.)

In *Stangvik,* our Supreme Court set forth the appropriate standards to be applied in deciding whether a trial court should grant a motion based on the doctrine of forum non conveniens when a nonresident plaintiff seeks to bring a suit against a California corporation in this state. (54 Cal.3d at p. 749.) ▮ "In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a 'suitable' place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California. The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Id.* at p. 751, citing *Piper Aircraft Co.* v. *Reyno* (1981) 454 U.S. 235, 259-261 [70 L.Ed.2d 419, 437-439, 102 S.Ct. 252] (hereafter *Piper*).)

▮ The threshold question is whether plaintiffs' home states are suitable places for trial. As we shall hold, this is a nondiscretionary determination by the trial court. Initially, though, one must define a "suitable" place for trial.

The Judicial Council comment to section 410.30 states that "the action will not be dismissed unless a suitable alternative forum is available to the plaintiff [citations]. Because of . . . [this] factor, the suit will be entertained, no matter how inappropriate the forum may be, if the defendant cannot be subjected to jurisdiction in other states. The same will be true if the plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept the defendant's stipulation that he will not raise this defense in the second state [citations]." (Judicial Council com., 14 West's Ann. Code Civ. Proc. (1973 ed.) § 410.30, pp. 492-493.) As noted, petitioners have offered to stipulate to submit to jurisdiction in plaintiffs' home states and to tolling the statute of limitations during the pendency of the actions in California. Plaintiffs contend their home states are

not suitable because the law in those states does not recognize their cause of action. Thus, they urge those courts are "substantively unavailable . . . , rendering them inadequate for the trial of these actions."

Here, as to 31 of the 35 nonresident plaintiffs—domiciliaries of Washington, Oregon and Wisconsin—petitioners have obtained summary judgments in cases involving claims identical to those raised here because those jurisdictions do not recognize a cause of action arising out of injuries caused by a product which has not yet malfunctioned. (See e.g. *Pryor* v. *Shiley, Inc.* (9th Cir. 1990) 916 F.2d [summary judgment for Shiley under Oregon law]; *Kent* v. *Shiley, Inc.* (D.Ore. Jan. 24, 1989) No. 87-6554-E [same]; *Murphy* v. *Shiley, Inc.* (9th Cir. 1991) 940 F.2d 668 [summary judgment under Washington law]; *Bartosik* v. *Shiley, Inc.* (W.D.Wn. Sept. 19, 1990) No. C89-1636WD [same]; *O'Brien* v. *Medtronic, Inc., supra,* 439 N.W. 2d 151 [summary judgment under Wisconsin law]; *Behnke* v. *Shiley, Inc.* (Wis. Cir. Ct. June 17, 1991) No. 90-CV-902 [same].) The remaining four nonresident plaintiffs reside in Montana and Florida, where the issue of whether a remedy exists appears to be unsettled, although in those states petitioners have filed summary judgment motions which are now pending. (See *Daniels* v. *Shiley, Inc.* (D.Mont.) No. CV91-123-GV; *Heayn et al.* v. *Pfizer, Inc. et al.* (S.D.Fla.) No. 91-1576-CIV.)

■ The suitability standard set forth in the Judicial Council comment to section 410.30 is based on the "orthodox" and "limited nondiscretionary concept of a suitable alternative forum," that is, "a forum in which the action *can be brought.*" (Note, *Considerations of Choice of Law in the Doctrine of Forum Non Conveniens* (1986) 74 Cal.L.Rev. 565, 587, cited in *Stangvik, supra,* 54 Cal.3d at p. 752, fn. 3, italics added.) Thus, contrary to plaintiffs' position, so long as there is jurisdiction and no statute of limitations bar, a forum is suitable where an action "can be brought," although not necessarily won. There is no balancing of interests in this decision, nor any discretion to be exercised.

■ Nothing in *Piper, Stangvik,* or the Judicial Council comment to section 410.30 supports plaintiffs' position that petitioners must "show that plaintiffs' home states will provide a remedy" for their claims. Rather, while an alternative forum must be open to the plaintiff and the defendant must be amenable to jurisdiction there, the law does not require that the alternative forum, in order to be "suitable," provide equivalent relief.

The threshold issue of suitability of the alternative forum is, therefore, determined by a two-pronged test: There must be jurisdiction over the defendant and the assurance that the action will not be barred by a statute of

limitations. (*Stangvik, supra,* 54 Cal.3d at p. 752.) In *Stangvik,* for example, the Supreme Court noted defendants stipulated to jurisdiction in Sweden and Norway and to the tolling of the statute of limitations. Thus, the court held, "the courts of Sweden and Norway present suitable forums for trial of the actions." (*Id.* at p. 752, fn. omitted.) The same reasoning applies here. As in *Stangvik,* petitioners have stipulated to submit to jurisdiction in plaintiffs' home states and to the tolling of the statute of limitations during the time these actions have been pending in California. Thus, the suitability requirement is fulfilled.

Plaintiffs contend these actions may not be stayed because, in light of summary judgments which have been granted or are pending in plaintiffs' home states, it has been proven that plaintiffs have no remedy. In its consideration of the effect of unfavorable law in the alternative forum, the Supreme Court in *Stangvik* held, "the fact that California law would likely provide plaintiffs with certain advantages of procedural or substantive law cannot be considered as a factor in plaintiffs' favor in the forum non conveniens balance." (*Stangvik, supra,* 54 Cal.3d at p. 754.) On the contrary, "a showing that recovery would be more difficult or *even impossible* in a foreign forum does not demonstrate that the alternative forum is inadequate." (Note, *Considerations of Choice of Law in the Doctrine of Forum Non Conveniens, supra,* 74 Cal.L.Rev. 565, 588, italics added.)[3]

Under plaintiffs' view, an unfavorable change in the law would compel the denial of every forum non conveniens motion. Such is not the case. Our Supreme Court disapproved of *Corrigan* v. *Bjork Shiley Corp.* (1986) 182 Cal.App.3d 166 [227 Cal.Rptr. 247] (hereafter *Corrigan*) and *Holmes* v. *Syntex Laboratories, Inc.* (1984) 156 Cal.App.3d 372 [202 Cal.Rptr. 773] (hereafter *Holmes*), cases which held that weight should be given the fact that plaintiffs would be disadvantaged if the case were tried in their home forum. Thus, under *Stangvik,* in determining the issue of a suitable place for trial, a court may not even consider the fact that an alternative forum does not recognize a cause of action which would be available to the plaintiff under California law. (*Stangvik, supra,* 54 Cal.3d at p. 764.)

Plaintiffs cannot invoke *Piper*'s "no remedy at all" exception. That applies only in "rare circumstances," such as where the alternative forum is a

---

[3]These principles were followed with approval recently in *Monsanto Intern.* v. *Hanjin Container Lines* (S.D.N.Y. 1991) 770 F.Supp. 832, where the court held that "the test of whether an alternative forum for the litigation exists does not hinge upon plaintiffs' prediction of the outcome of the case in the alternative forum under consideration." (*Id.* at p. 838.) In *Monsanto,* as here, similar litigation was ongoing in other jurisdictions. Nevertheless, the court rejected plaintiffs' contention that the alternative forum provided no remedy, "[e]ven assuming plaintiffs are correct that they would lose this case in Taiwan." (*Id.* at p. 837.)

foreign country whose courts are ruled by a dictatorship, so that there is no independent judiciary or due process of law. (*Piper, supra,* 454 U.S. at p. 254, fn. 22 [70 L.Ed.2d at p. 435].) The exception has never been applied to a sister state, and we decline to apply it here.[4]

If, as urged by plaintiffs, the rare "no remedy at all" exception were broadened, it would undermine important public interests, particularly the interest in avoiding congesting California courts and overburdening California taxpayers. The law does not require that California courts become the depository for nonresident plaintiffs' cases involving causes of action which are not recognized or would not be successful in those plaintiffs' home states. Having been assured of jurisdiction over petitioners and that there will be no statute of limitations bar, plaintiffs' remedy is to pursue their causes of action in their home forums and to persuade the trial or appellate courts there to recognize their claims. We cannot be blind to the fact that, as is the case throughout the United States, the law in plaintiffs' home jurisdictions is subject to judicial and legislative change.[5]

Under the principles expressed in *Stangvik* and *Piper,* we conclude the "no remedy at all" exception is inapplicable here and that plaintiffs' home states constitute suitable forums.

Plaintiffs also insist that even if they lose on the suitability issue, the fact that their home states do not recognize their causes of action should be

---

[4]*Piper* cited *Phoenix Canada Oil Co. Ltd.* v. *Texaco, Inc.* (D.Del. 1978) 78 F.R.D. 445, as illustrative of the exception. There, the alternative forum, Ecuador, had no independent judiciary and was controlled by a military dictatorship. Thus, "the status and powers of the judiciary [were] 'uncertain.' " (*Id.* at pp. 455-456.) Other cases following *Piper* have limited the "no remedy" exception to totalitarian regimes where there is no independent judiciary, or where basic due process is not observed. (See e.g. *Rasoulzadeh* v. *Associated Press* (S.D.N.Y. 1983) 574 F.Supp. 854, 861 [courts administered by Iranian Mullahs and plaintiffs "would probably be shot" if they returned to Iran]; *Canadian Overseas Ores Ltd.* v. *Compania Etc.* (S.D.N.Y. 1982) 528 F.Supp. 1337, 1342 [Chilean military junta threatened independence of the judiciary]; other cases relied upon by plaintiffs are inapposite. In *Mercier* v. *Sheraton Intern., Inc.* (1st Cir. 1991) 935 F.2d 419, 425, the case was remanded for findings on whether Turkish law recognized claims for breach of contract, tortious interference with contract, "or some analogous action." In *Lockman Found.* v. *Evangelical Alliance Mission* (9th Cir. 1991) 930 F.2d 764, 768-769, the court applied *Piper*'s analysis of the effect of an unfavorable change in the law and affirmed a forum non conveniens dismissal in favor of litigation in Japan. *Farmanfarmaian* v. *Gulf Oil Corp.* (S.D.N.Y. 1977) 437 F.Supp. 910, 915 held that the problem of a plaintiff having nowhere to assert a claim "disappear[ed]" when the defendant consented to jurisdiction in an alternate forum. And, in *Delfosse* v. *C.A.C.I., Inc.-Federal* (1990) 218 Cal.App.3d 683, 688 [267 Cal.Rptr. 224], the statute of limitations barred any action whatsoever in the alternative forum and the defendant refused to waive the statute or submit to jurisdiction. Thus, "there [was] no alternative forum in which the matter could be heard." None of these cases is availing to plaintiffs.

[5]We note, for example, that plaintiffs have already filed appeals of the summary judgments in *Behnke* v. *Shiley, Inc., supra,* No. 90-CV-902 and *Daniels* v. *Shiley, Inc., supra,* No. CV-91-123-GV.

factored into the discretionary determination by the trial court when it considers and weighs the public and private interests. This was the approach used by the Courts of Appeal in *Holmes, supra,* 156 Cal.App.3d 372, and *Corrigan, supra,* 182 Cal.App.3d 166. But, *Stangvik* disapproved of *Holmes* and *Corrigan* and specifically declined to follow the approach suggested by those cases and now disinterred by plaintiffs. (*Stangvik, supra,* 54 Cal.3d at pp. 752, fn. 3, and 763-764.)

From the record, it does not appear that the trial court considered the factors necessary in determining a forum non conveniens motion. It appears to have relied heavily on plaintiff's choice of forum and defendant's residence within that forum. ■ While the state of incorporation or principal place of business of a corporate defendant is an element or "factor to be considered in the balance of convenience" (*Stangvik, supra,* 54 Cal.3d at p. 755), it must be weighed with all other factors, "without giving undue emphasis to any one element." (*Id.* at p. 753.) Accordingly, the private interests of the litigants and the interests of the public in retaining an action for trial in California must be considered. (*Id.* at p. 751; *Piper, supra,* 454 U.S. at pp. 259-261 [70 L.Ed.2d at pp. 437-439].) We believe the superior court should have the opportunity in the first instance to reconsider these factors under the appropriate analysis set forth in *Stangvik.*

The alternative writs are discharged. Let peremptory writs of mandate issue directing the superior court to reconsider petitioners' motions for a stay of the proceedings in accordance with the views expressed in this opinion.

Sills, P. J., and Crosby, J., concurred.

A petition for a rehearing was denied March 20, 1992, and the petition of real parties in interest for review by the Suprme Court was denied June 11, 1992.