Filed 12/24/13  Lopez v. Bustillos Business Group CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MARIA ERNESTINA MAGDALENO LOPEZ et al., | D060928 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2010-00105347-CU-PO-CTL) |
| BUSTILLOS BUSINESS GROUP et al., | |
| Defendants and Respondents, | |

APPEAL from a judgment of the Superior Court of San Diego County, Luis R. Vargas, Judge.  Affirmed.

Casey Gerry Schenk Francavilla Blatt & Penfield and David S. Casey, Jr., Jeremy Robinson and Jessica K. Pride for Plaintiffs and Appellants.

Higgs Fletcher & Mack, John M. Morris, Victoria E. Fuller, Susan M. Hack and Mary R. Robberson for Defendants and Respondents.

Plaintiffs Maria Ernestina Magdaleno Lopez, Ricardo Alberto Herrera Magdaleno, and Alejandro Herrera Magdaleno (collectively Plaintiffs) are the heirs of decedent Tiburcio Alberto Herrera Garcia (Herrera). Plaintiffs appeal after the trial court dismissed their lawsuit against defendants Trinidad Bustillos (Bustillos) and his businesses Bustillos Business Group, Inc. (BBG) and J. Trinidad Bustillos Bustillos dba Transportes J. Trinidad Bustillos Bustillos (Transportes, collectively Defendants) based on the forum non conveniens doctrine. They contend the court abused its discretion by granting the motion for forum non conveniens and dismissing the action. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Bustillos and his wife own and operate BBG. BBG is a California corporation with its principal place of business located on Fig Avenue in Chula Vista. The Fig Avenue address is one of several pieces of property in California owned by Bustillos. BBG buys lumber from companies in the United States and arranges to have it transported to a storage lot located in Chula Vista that is owned by Bustillos. Once the lumber reaches the storage lot, Transportes, another business owned by Bustillos, transports the lumber to Mexico. Transportes is a Mexican company with an office in Mexico where it stores its tractor trailers. Transportes's employees, all citizens and residents of Mexico, report to work at Transportes's office.

Bustillos hired Herrera as a truck driver for Transportes. Herrera drove to locations in California, picked up lumber and transported the lumber to Mexico. In accordance with Mexican law, Bustillos registered Herrera as an employee with the Mexican Institute of Social Security (IMSS), which is the approximate equivalent of worker's compensation in

2

California.  Bustillos also ensured that funds were paid into the IMSS system on Herrera's behalf.  In late 2009, Herrera drove to the storage lot to pick up a load of lumber.  At some point, lumber being loaded onto a tractor trailer apparently tumbled off a forklift, killing Herrera.

Plaintiffs filed this action alleging causes of action for wrongful death, premises liability and negligence per se.  Defendants moved to dismiss the case for forum non conveniens.  Plaintiffs opposed the motion.  The trial court granted the motion finding that Mexico was a suitable alternative forum and that Plaintiffs could assert claims arising from Herrera's death in Mexico, under Mexican law.  Plaintiffs timely appealed from the judgment of dismissal.

## DISCUSSION

A.  General Legal Principles

"Forum non conveniens is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere."  (*Stangvik v. Shiley, Inc.* (1991) 54 Cal.3d 744, 751 (*Stangvik*).)  The Legislature has sanctioned the application of this doctrine in Code of Civil Procedure section 410.30, subdivision (a), which states:  "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."  As explained in the Judicial Council's comment to this section, the provision "authorizes a court to decline to

3

exercise its jurisdiction in appropriate instances on the ground that the plaintiff has unfairly or unreasonably invoked the jurisdiction of an inconvenient forum."

An action will be dismissed or stayed if a suitable alternative forum exists and the balance of private and public interests weigh in favor of allowing the litigation to proceed in the alternative forum. (*Stangvik*, *supra*, 54 Cal.3d at p. 751.) An alternative forum is suitable where all defendants are subject to personal jurisdiction and the statute of limitations on plaintiff's claim has not expired. (*Id.* at p. 752.) Any concerns regarding the " 'suitability' " of the alternative forum may be avoided by defendant's agreement to comply with certain conditions, such as submission to jurisdiction or waiver of the statute of limitations defense. (*Ibid.*) That the law is less favorable to the plaintiffs in the alternative forum, or that recovery would be more difficult if not impossible, is irrelevant to the determination whether the forum is suitable unless "the alternative forum provides no remedy at all." (*Id.* at p. 764.) The " 'no remedy at all' " exception applies "only in 'rare circumstances,' such as where the alternative forum is a foreign country whose courts are ruled by a dictatorship, so that there is no independent judiciary or due process of law." (*Shiley Inc. v. Superior Court* (1992) 4 Cal.App.4th 126, 133-134 (*Shiley*).)

If the trial court determines an alternative forum is a suitable place for trial, "the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California." (*Stangvik*, *supra*, 54 Cal.3d at p. 751.) Private interest factors to consider include "the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses." (*Ibid.*) Public interest factors "include avoidance of

4

overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Ibid*.) The moving party bears the burden of proof and the trial court's decision balancing the private and public interests is reviewed for abuse of discretion. (*Id*. at pp. 751-752.) "A court has exercised discretion appropriately when it acts within the range of options available under governing legal criteria in light of the evidence before it." (*Hansen v. Owens-Corning Fiberglas Corp.* (1996) 51 Cal.App.4th 753, 758.)

B.  Analysis

Although the trial court's ruling does not expressly address whether it found that Mexico provided a suitable alternative forum for Plaintiffs, it impliedly made this finding when it granted the motion to dismiss. We review this implied finding de novo. (*American Cemwood Corp. v. American Home Assurance Co.* (2001) 87 Cal.App.4th 431, 436.)

The parties apparently do not dispute that Transportes, Herrera's employer, is a Mexican company that is subject to jurisdiction in Mexico and that all Defendants are amenable to jurisdiction in Mexico. To support their argument that Mexico provides a suitable alternative forum, Defendants submitted the declaration of Jovita L. Chavez-Sepulveda (Chavez), an attorney specializing in labor and employment law in Mexico. Chavez stated that the Mexican Federal Labor Law and Social Security Law "protect[s] all employees who are registered by their employers with the Mexican Institute of Social

5

Security (IMSS)" for any work-related accidents. Under Mexican law, a Mexican employer is relieved of liability for work-related accidents once the employee is registered with IMSS. IMSS provides "the exclusive remedy for employees injured on the job and for their surviving family members in the case of a job-related death."

Evidence reviewed by Chavez and presented in support of the motion show that Bustillos registered Herrera with IMSS and ensured that appropriate funds were paid into the IMSS system on Herrera's behalf. Additionally, IMSS approved payment of full benefits to Herrera's widow in connection with Herrera's death, including an initial payment of 40,470.95 pesos, a lifetime pension of at least 2,977.39 pesos per month, and the provision of unlimited medical services for her lifetime. Chavez concluded that all "systems and procedures are in place in Mexico to address Mr. Herrera's death in this case and to provide his surviving family members all benefits to which they are entitled under Mexican law."

Plaintiffs did not dispute this evidence. Instead, they contend Mexico does not provide a suitable alternative forum because benefits under IMSS are not equivalent to benefits provided under the Worker's Compensation Act in the United States. The law, however, "does not require that the alternative forum, in order to be 'suitable,' provide equivalent relief." (*Shiley*, *supra*, 4 Cal.App.4th at p. 132.) Citing to Chavez's declaration, Plaintiffs also assert that Mexico provides an unsuitable forum because Mexican law bars them from bringing a lawsuit in a Mexican court. While Plaintiffs may ultimately be unable to recover if they pursue this action in Mexico, they cited no

6

authority showing they could not sue for wrongful death in Mexico. "[A] forum is suitable where an action 'can be brought,' although not necessarily won." (*Ibid.*)

To avoid the result that Mexico provides a suitable alternative forum, Plaintiffs contend that their statutory causes of action for failure to obtain worker's compensation coverage in California should not be subject to dismissal on public policy grounds. Under the Worker's Compensation Act, injured employees or their dependents may bring an action at law for damages if an employer fails to secure compensation payments. (Lab. Code, § 3706, undesignated statutory references are to this code.) Plaintiffs claim that Transportes qualifies as an out-of-state employer that was required to obtain worker's compensation coverage in California for its employees traveling to California under subdivision (b) of section 3600.5.

As a threshold matter, Plaintiffs' complaint does not contain any such statutory claims and the issue whether Defendants were required to have California worker's compensation coverage for Herrera was never before the trial court. Furthermore, we take judicial notice of decisions rendered in California worker's compensation proceedings instituted by Plaintiffs rejecting Plaintiffs' assertion that subdivision (b) of section 3600.5 applied and concluding that California should decline jurisdiction. (Evid. Code, § 452, subd. (c).)

In any event, we reject Plaintiffs' public policy arguments that California must retain this litigation because they cannot bring their statutory causes of action in Mexico. As we already stated, Plaintiffs asserted no statutory causes of action below and the matter was decided against them in the worker's compensation proceedings. Moreover, if

7

this were the test then California courts would be forced to retain jurisdiction over cases properly decided elsewhere merely because they allege a cause of action arising out of a California statute. (*Investors Equity Life Holding Co. v. Schmidt* (2011) 195 Cal.App.4th 1519, 1530-1531 [inability to assert the statutory unfair competition claim in the alternate forum does not render the forum unsuitable].) As our high court has stated, "the fact that an alternative jurisdiction's law is less favorable to a litigant than the law of the forum should not be accorded any weight in deciding a motion for forum non conveniens, provided, however, that some remedy is afforded." (*Stangvik*, *supra*, 54 Cal.3d at p. 753, fn. 5.)

As an aside, we note that Plaintiffs' reliance on *Chavarria v. Superior Court* (1974) 40 Cal.App.3d 1073 for the proposition that unless an alternative forum will follow California law, a court that stays or dismisses such an action filed in California necessarily abuses its discretion, is misplaced. This case predates and was distinguished in *Stangvik*. (*Stangvik*, *supra*, 54 Cal.3d at p. 763, fn. 16.) Moreover, the *Stangvik* court concluded that the nonexistence of a particular remedy in the alternate forum is irrelevant to the forum non conveniens balance. (*Id.* at p. 764.)

Once it determined that Mexico provided a suitable alternative forum, the trial court was required to weigh the private interests of the parties against the interests of the public in retaining the action in California. (*Stangvik*, *supra*, 54 Cal.3d at p. 751.) The trial court has great flexibility in weighing these factors; no one factor is determinative. (*Id*. at p. 753.) The trial court's balancing of the public and private interests is highly discretionary and subject to reversal only for abuse of discretion. (*Chong v. Superior*

8

*Court* (1997) 58 Cal.App.4th 1032, 1037 (*Chong*).) On this record, we cannot say the trial court abused its discretion.

First, that Plaintiffs selected California as the forum state is of little consequence as a nonresident plaintiff's choice of forum is given less deference. (*Chong*, *supra*, 58 Cal.App.4th at p. 1038.) The defendant's residence is also a factor to be considered in the balancing process. A corporate defendant's state of incorporation and principal place of business is presumptively a convenient forum. (*Stangvik*, *supra*, 54 Cal.3d at p. 755.) Here, Bustillos maintains residences in the United States and Mexico. Although Bustillos claims to be a Mexican citizen, he presented no admissible evidence to support this assertion. BBG is a California corporation operated by Bustillos and his wife that is in the business of purchasing lumber in the United States for resale in Mexico. BBG did not employ Herrera. Transportes is a Mexican company owned by Bustillos that employed only Mexican workers, including Herrera. This evidence supports jurisdiction in either forum.

The final private interest factors include "the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses." (*Stangvik*, *supra*, 54 Cal.3d at p. 751.) Because the parties are available in either forum, these factors turn on any third party witnesses. Plaintiffs claimed in their reply brief that "any eyewitnesses will be in California," but presented no evidence to support this assertion. Defendants presented evidence that the person operating the forklift at the time of the accident is located in California, but that two eyewitnesses reside in Mexico. On balance, this factor favors Mexico because a

9

California court has no jurisdiction to compel the attendance of these out-of-state witnesses. (*Amoco Chemical Co. v. Certain Underwriters at Lloyd's of London* (1995) 34 Cal.App.4th 554, 559.)

Turning to the public interest factors, California and its jurors have an interest in this litigation because the accident happened here. Mexico and its jurors also have an interest in the litigation because the case involves Mexican citizens suing a Mexican company. Thus, these factors are neutral. On the final issue of court congestion, the parties presented no information about the congestion of Mexican courts, but the trial court was presumably aware of the congested nature of its own calendar.

Balancing the public and private interests, the trial court impliedly found that California had less interest in deciding the dispute than Mexico. Nothing in this record suggests this determination constituted an abuse of the court's broad discretion.

DISPOSITION

The judgment is affirmed. Defendants are entitled to their costs on appeal.

McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.

10