Filed 8/21/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| OLIVIER AUFFRET, et al., | H040630 |
| Plaintiffs and Appellants, | (Monterey County Super. Ct. Nos. M99601, M104580, M110557, M111913) |
| v. | |
| CAPITALES TOURS, S.A., et al., | |
| Defendants and Respondents. | |

This is the second appeal arising out of a 2009 bus accident carrying 34 French tourists and their guide, which resulted in a consolidated action brought by most of the passengers or their families against respondent Capitales Tours, S.A. and others. In the first appeal, this court affirmed an order staying the action for one year under the doctrine of forum non conveniens, pursuant to Code of Civil Procedure section 410.30 and *Stangvik v*. *Shiley Inc*. (1991) 54 Cal.3d 744 (*Stangvik*). We found no abuse of discretion in the superior court's determination that the action would be more suitably tried in France.

Two years after the stay, the superior court dismissed the action, finding that plaintiffs had failed to pursue their claims in France and had even opposed the assumption of jurisdiction by the French courts. Plaintiffs again appeal, contending that the order was premature and failed to comply with procedural and substantive requirements for dismissal. We agree that further proceedings are necessary before dismissal is appropriate. Accordingly, we must reverse the order.

*Background*

The facts and procedural history underlying the ruling now before us were described in our previous opinion (*Auffret v. Capitales Tours*, *S.A.*, (Apr. 24, 2013, H037551) [nonpub. opn.], (*Auffret I*)) and need be only briefly summarized here. The accident that led to this litigation occurred on April 28, 2009, on Highway 101 in Monterey County. While driving across a bridge the bus operator, John Egnew, lost control of the vehicle, which collided with the right and left bridge rails and eventually rolled onto its side. Eighteen of the occupants were ejected; several of them were thrown over the bridge onto the railroad tracks below. Egnew and four passengers were killed, 21 were severely injured, and 10 sustained minor injuries.

Four lawsuits were brought by 26 plaintiffs, naming Capitales Tours and other defendants, both corporate and individual. On May 27, 2011, Capitales Tours and two other defendants[1] moved to dismiss or, alternatively, stay the action, asserting that France was a suitable alternative forum and that both public and private interest factors supported moving the litigation to France. Plaintiffs vigorously opposed the motion, anticipating "untold hardship and a grossly unjust result." They pointed out that most of the material witnesses, particularly the emergency and hospital personnel, were in California, and they would be available to testify. Those personnel and the treating hospitals "would very likely receive NOTHING" if the cases were transferred to France, and plaintiffs themselves would not recover enough to pay more than $5 million in outstanding medical bills. In addition, most of the documentary evidence, including medical records and deposition transcripts, were in California.

---

[1] The other moving defendants were two Canadian parties, Contact Amerique and its sole shareholder, Silvy Joncas. These parties join in the arguments in Capitales Tours's brief on appeal.

2

The superior court, however, agreed with defendants that France was a suitable alternative forum and that both public and private interest factors favored France as a forum for plaintiffs' claims. Among its reasons were the facts that none of the plaintiffs or the remaining defendants was a California resident and that plaintiffs were seeking application of the French Tourism Code in their primary cause of action, which, along with translation expenses, would be "logistically challenging." The court further expressed reluctance to "spend lots of time for a case in which California really has hardly any interest left." The court thus concluded that "France's competing interest in this litigation clearly outweighs California's." In its ensuing order on September 21, 2011, the court stayed the consolidated actions for one year. If France accepted jurisdiction by that time, the actions would be dismissed.

*Proceedings in France*

In December 2011, Capitales Tours initiated proceedings in the Court of First Instance of Paris,[2] summoning plaintiffs along with certain travel agencies and other entities. Capitales Tours asked the French court to accept jurisdiction to adjudicate the existing dispute. The pretrial judge, however, accepted plaintiffs' argument invoking lis pendens, because the Monterey court had not completely declined jurisdiction but had only stayed the proceedings there. Capitales Tours then appealed the pre-trial judge's decision to the French appellate court, the Cour d'Appel. In December 2012 the Cour d'Appel reversed, noting that the parties were not entirely the same in the

---

[2] In his declaration supporting Capitales Tours's motion to dismiss, its attorney provided a comparison of the Paris tribunals with those of California. Procedural challenges, he explained, are heard by the pre-trial judge in the Court of First Instance of Paris ("Tribunal de Grande Instance de Paris"), whereas a full three-judge panel of that court decides the factual and legal issues involved. Appeals of decisions by the pre-trial judge are heard by the Court of Appeal (Cour d'Appel de Paris) and finally to the Supreme Court (Cour de Cassation).

3

French and American actions. The appellate court thus overturned the pre-trial judge's lis pendens ruling. It nevertheless declined to retain jurisdiction over the matter, the merits of which had to be decided by the Court of First Instance of Paris. It was that lower court which had "*rationae materiae* jurisdiction and *rationae loci* jurisdiction to hear the dispute which was submitted by Capitales Tours." Plaintiffs appealed the decision of the Cour d'Appel to the highest court of France, the Cour de Cassation.

On April 24, 2013, while that final appeal was pending before the Cour de Cassation, this court issued its opinion in *Auffret I*. Applying the appropriate deferential standard of review to the superior court's September 2011 order, we found no abuse of discretion in the superior court's decision to stay the matter under forum non conveniens. Following plaintiffs' unsuccessful petition for review by the California Supreme Court, a remittitur issued on July 15, 2013.

On August 19, 2013, Capitales Tours moved to dismiss the entire action, citing plaintiffs' failure to initiate proceedings in France as anticipated by the Monterey court judge in staying the action. Moreover, Capitales Tours noted at the October 2013 hearing, plaintiffs had actively resisted the assumption of jurisdiction by the French courts, by arguing lis pendens and appealing the Cour d'Appel's reversal of the pre-trial judge's ruling to the French supreme court, the Cour de Cassation. According to Capitales Tours, the Cour d'Appel had held that France did have jurisdiction, so for that additional reason it urged the court to dismiss the Monterey action.

Plaintiffs responded that the exact nature of the French courts' jurisdiction was unclear, as the concept did not translate easily between French and English, and there were "pre-jurisdictional issues" that did not involve the merits of plaintiffs' claims and could result in the dismissal of Capitales Tours's summons against plaintiffs. In any event, the jurisdictional issue was still pending before the Cour de Cassation. Plaintiffs further maintained that during the period following the superior court's stay order they were only exercising their right to appeal the stay order. By taking that "wait and see

4

approach," and given that they had not been *ordered* to proceed in France, they were under no obligation to initiate another action in France. At the October 18, 2013 hearing, plaintiffs urged the superior court to extend the stay just until the Cour de Cassation issued its decision, which was expected to occur within a few months, in early 2014.

The superior court expressed its inclination not to wait, however, and it issued its ruling the same day. Citing *Van Keulen v. Cathay Pacific Airways*, *Ltd*. (2008) 162 Cal.App.4th 122 (*Van Keulen*), the court found that "[p]laintiffs—non-residents of California—have had more than two years to pursue their claims in France, the alternative, convenient venue. Plaintiffs not only failed to do so, but acted to prevent French court jurisdiction. It is not the court's duty to assure Plaintiffs an adequate alternative forum to pursue their claims. Thus, dismissal is proper for the reasons set forth by Defendants." One month later, November 18, 2013, the court filed its order dismissing the action "on the ground of inconvenient forum." Plaintiffs filed their notice of appeal from that order on January 17, 2014.

*Discussion*

In *Auffret I*, we noted that a ruling on a forum non conveniens motion is reviewed for abuse of discretion. (*Stangvik*, *supra*, 54 Cal.3d at p. 751.) We also noted, however, that "[t]he availability of a suitable alternative forum for the action is critical." (*American Cemwood Corp. v. American Home Assurance Co.* (2001) 87 Cal.App.4th 431, 435.) An alternative forum will be found suitable where an action " 'can be brought,' although not necessarily won. There is no balancing of interests in this decision, nor any discretion to be exercised." (*Shiley Inc. v. Superior Court* (1992) 4 Cal.App.4th 126, 132; accord, *American Cemwood Corp. v. American Home Assurance Co.*, *supra*, at p. 437 [forum is generally suitable " 'if there is jurisdiction and no statute of limitations bar to hearing the case on the merits' "].) That California provides a more favorable or "meaningful" remedy, or that recovery is more difficult in the alternative forum, does not make the alternative forum unsuitable. (*Roulier v. Cannondale* (2002)

101 Cal.App.4th 1180, 1187; *Stangvik*, *supra*, at p. 753, fn. 5.)  Only if the foreign jurisdiction offers " 'no remedy at all' " does the law of that jurisdiction contravene its suitability.  (*Guimei v. General Electric Co.* (2009) 172 Cal.App.4th 689, 696-697; accord, *Investors Equity Life Holding Co. v. Schmidt* (2011) 195 Cal.App.4th 1519, 1530.)  This no-remedy exception is applied rarely, "such as where the alternative forum is a foreign country whose courts are ruled by a dictatorship, so that there is no independent judiciary or due process of law."  (*Shiley Inc. v. Superior Court*, *supra*, at pp. 133-134; accord, *Hahn v. Diaz-Barba* (2011) 194 Cal.App.4th 1177, 1188-1189; *Guimei v. General Electric Co.*, *supra*, at p. 697.)

In undertaking our review in this appeal we have been immediately confronted with a procedural anomaly.  The effect of *Auffret I* was to delay dismissal of plaintiffs' case until it was established that the French courts would assume jurisdiction over the issues presented.  In upholding the superior court's stay, we noted "the tentative nature of the procedural posture before us."  We specifically stated, "If the French courts finally decline to take jurisdiction over Capitales Tours's lawsuit, it will be obvious that France is not a suitable alternative forum for plaintiffs' action, and we presume that the Monterey County Superior Court will lift the stay and reset the matter for trial."

The contingency on which the dismissal depended had not yet occurred at the time of the October 18, 2013 hearing and ruling.  The superior court, however, declined to wait for the ruling of the Cour de Cassation on the jurisdictional question.  Having already weighed the *Stangvik* factors in *Auffret I*, the superior court on this occasion dismissed plaintiffs' case less for forum non conveniens than for plaintiffs' failure to initiate their lawsuit in France for "more than two years."

But during that period plaintiffs were pursuing their appeal here and in the Supreme Court, while also challenging the French court's jurisdiction to act on Capitales Tours's separate action.  We do not agree that plaintiffs should be effectively sanctioned for pursuing their appellate remedies in California and for exercising their right to oppose

6

the exercise of jurisdiction in France. It was only one month after the remittitur in *Auffret I* that Capitales Tours moved to dismiss the case. Because the Cour de Cassation had not yet issued its ruling on jurisdiction at that point, no final decision could be relied on to fulfill the clear prerequisite of the dismissal—that jurisdiction first be established in France. Consequently, the superior court's dismissal was premature.

Capitales Tours, however, has submitted a copy of the decision by the Cour de Cassation and an English translation of that document. Its decision, of which we have taken judicial notice, was not issued until October 22, 2014. While plaintiffs' current appeal of the Monterey court's dismissal was pending, this court granted Capitales Tours's request to take judicial notice of those documents.

According to Capitales Tours, the Cour de Cassation's ruling confirms that the French courts have accepted jurisdiction over the controversy between plaintiffs and Capitales Tours. In their reply brief plaintiffs respond that Capitales Tours has mischaracterized the Cour de Cassation's decision, that the English translation of the decision is "unintelligible," and that the legal effect of the decision is obscure. We agree with plaintiffs that the decision does not permit any conclusion regarding its effect on the case brought by plaintiffs in superior court here. The decision appears to pertain to two appeals of unclear origin based on various articles of the French Code of Civil Procedure. The proceedings arose from a summons brought by Capitales Tours, who was suing numerous defendants, including various travel agents which Capitales Tours believed should indemnify it for any damages it would have to pay plaintiffs. The successive appeals in France primarily appear to have concerned the applicability of the lis pendens doctrine, since that was the issue originally raised to the pretrial judge. We simply cannot discern from the decision of the Cour de Cassation whether the alleged liability of Capitales Tours to plaintiffs will be adjudicated in France. And it is not for this court to take new evidence on this critical procedural issue. What is required is a further hearing by the superior court, based on expert opinion or whatever other evidence is necessary to

7

determine the effect of the Cour de Cassation's decision on the viability of the lawsuit presently in abeyance in Monterey.

*Van Keulen*, *supra*, 162 Cal.App.4th 122 does not convince us otherwise. In that case the appellate court upheld the dismissal of a wrongful termination action under Code of Civil Procedure section 583.410[3] because the plaintiff airline pilots had not diligently prosecuted the action. The superior court, relying on forum non conveniens, had previously stayed the action with respect to the plaintiff airline pilots who were California residents, while dismissing it as to the non-California plaintiffs. All nine plaintiffs unsuccessfully appealed, ending with the Supreme Court's denial of review on March 19, 2003. (*Van Keulen*, *supra*, at p. 126.) Thereafter the California plaintiffs failed to pursue their action in Hong Kong, the alternative forum. Plaintiffs offered no evidence to support their asserted diligence; on the contrary, it appeared to the appellate court that they "[did] *absolutely nothing for three years*" after the stay and "pursued no discovery for over four years" after the stay. (*Id.* at p. 132.) In affirming the final dismissal order, the Court of Appeal, Second Appellate District, Division Three, applied the factors set forth in California Rules of Court, rule 3.1342(e), finding no abuse of discretion.

The procedural posture of the case before us does not afford wholesale reliance on *Van Keulen* at this point. There was no uncertainty as to whether Hong Kong would accept jurisdiction, and yet the *Van Keulen* plaintiffs did not join in the existing consolidated actions or bring suit in Hong Kong until February 2006, nearly three years after the Supreme Court denied review. (*Van Keulen*, *supra*, 162 Cal.App.4th at p. 127.)

---

[3] Code of Civil Procedure section 583.410, subdivision (a), states: "The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case."

Here it was only one month after plaintiffs exhausted their state appellate rights that Capitales Tours moved to dismiss the Monterey action. Furthermore, it is unclear what additional procedural obstacles may be presented to the courts in France before they agree that the controversy may be heard there. With no conclusive proof that Capitales Tours's action in France will be heard, the superior court's dismissal was not only premature but unreasonable.

In short, the continuing uncertainty of the parties' status in the French judicial system requires further determination before it can be affirmatively demonstrated that France will indeed hear the issue of Capitales Tours's liability to plaintiffs for the bus accident in 2009. On remand the superior court may receive whatever evidence is necessary to establish conclusively that the matter will be heard in the alternative forum. At that point, should plaintiffs themselves determine that the issues they wish to be determined cannot be decided in Capitales Tours's action, it would be incumbent on them to bring their own lawsuit in France. If, on the other hand, the superior court is unable to determine conclusively that plaintiffs' grievance will be heard in the French courts, it should lift the stay and hear the action so that these parties may finally have their dispute resolved.

<i>Disposition</i>

The order of dismissal is reversed. On remand, the superior court shall extend the stay until, upon further hearing, it determines that plaintiffs have a suitable alternative forum available in France. If it cannot make that determination, the case should proceed in Monterey County Superior Court.

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

WALSH, J.[*]

*Auffret et al. v. Capitales Tours S.A. et al.*
H040630

_____

[*]
Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

| | |
|---|---|
| Trial Court: | Monterey County Superior Court<br>Superior Court Nos. M99601, M104580,<br>M110557, M111913 |
| Trial Judge: | Hon. Kay T. Kingsley |
| Counsel for Plaintiffs/Appellants:<br>Olivier Auffret, et al. | Luscutoff Lendormy & Associates<br>Jean-Yves Pierre Lendormy<br>Conor D. Mack |
| Counsel for Defendant/Respondent:<br>Capitales Tours, S.A., et al. | McKay, de Lorimier & Acain<br>John P. McKay<br>Michael Paul Acain<br><br>Musick Peeler & Garrett<br>Catherine Mi Lee |

*Auffret et al. v. Capitales Tours S.A., et al.*
H040630