Filed 11/25/25  Thomas v. Robinson Helicopter Co. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SOPHIE THOMAS, Individually and as Successor in Interest, etc., et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> ROBINSON HELICOPTER COMPANY, INC., <br><br> Defendant and Respondent. | B338740 <br><br> (Los Angeles County Super. Ct. No. 23TRCV03486) |

APPEAL from an order of the Superior Court of Los Angeles County, David K. Reinert, Judge.  Affirmed.

Wisner Baum, Timothy Ananda Loranger, Ari Friedman and William Crawford Appleby for Plaintiffs and Appellants.

Tim A. Goetz for Defendant and Respondent.

_____

Australian citizens sued a California helicopter manufacturer for a fatal crash in Australia.  Applying the doctrine of forum non conveniens, the trial court stayed the case, ruling that any litigation must be pursued in Australia.  We conclude that (1) Australia is a suitable alternative forum for litigation and (2) the court did not abuse its discretion by weighing public and private interests and finding California is an inconvenient forum.

The trial court's determination makes abundant common sense.  The victims and plaintiffs are Australian citizens and residents.  Accident investigators and eyewitnesses live in Australia.  Mechanics who tested and serviced the helicopter live in Australia, and their attendance in California—as witnesses or potential cross-defendants—cannot be compelled.  The California-based defendant will submit to Australian jurisdiction, provide technical evidence and witnesses, and pay damages ordered by Australian courts.  California has little interest in adjudicating the rights of foreign citizens arising from an accident in their country.  Australia has a greater interest in litigation involving its citizens, airspace, and registered aircraft.  We affirm.

## FACTS AND PROCEDURAL HISTORY
### The Lawsuit Arising From an Accident in Australia

In 2020, a helicopter owned and piloted by Troy Robert Thomas (decedent) had a catastrophic mechanical failure in Broome, Western Australia.  During takeoff, the tail rotor and empennage broke off.  Decedent and a passenger perished; two people were seriously injured.  A lawsuit was brought in California against the manufacturer, respondent Robinson

2

Helicopter Company, Inc. Plaintiffs are citizens and residents of Australia.[1] Robinson is based in California.

The complaint alleges that the helicopter was designed, manufactured, tested, assembled, distributed, licensed, marketed, warranted, and sold in the County of Los Angeles. Manufacturing defects allegedly led to the crash, and Robinson did not disclose that the aircraft was susceptible to loss of its rotor system. The pleading asserts causes of action for strict product liability, breach of warranty, and negligence.

## Forum Non Conveniens Motion

Respondent moved to dismiss or stay the action, claiming Australia is the appropriate forum for the lawsuit and California is an inconvenient forum. Appellants and decedent are Australian citizens and residents; the accident occurred in Australia; the flight was subject to Australian aviation regulations; the Australian Transport Safety Bureau (ATSB) had jurisdiction over the accident investigation; potential defendants who maintained, serviced, repaired, and piloted the helicopter are outside the jurisdiction of California; and maintenance records and witnesses are in Australia.

Respondent's aviation law expert declared that Australia is part of the International Civil Aviation Organization, created by an international convention with the status of a treaty. It makes Australia responsible for determining airworthiness of its registered aircraft, as well as pilot and mechanic training and proficiency. Decedent's helicopter was registered in Australia,

---

[1] Decedent's widow, Sophie Thomas, is administrator of his estate; Mia, Cooper, and Sailor are their minor children. Plaintiff Maddison Nancy Down was a passenger injured in the crash.

3

and the mechanics are licensed there. Australia has a fair and independent judiciary.

Twelve days before the accident, a pilot notified decedent of a vibration in the helicopter's tail rotor pedals. Decedent flew on July 2, 2020, and confirmed in a text message that there was a vibration. One day later, an engineering team examined the helicopter; their worksheet stated, "Pilot reported tail rotor vibe." The team inspected the tail rotor and empennage, and tested the aircraft on the ground, without detecting vibrations; it advised testing by a pilot, first on the skids, then hovering, then in flight, to troubleshoot the vibration. It is unclear if decedent was notified of the need for a flight check. On July 4, before having solo pilot testing, decedent loaded three passengers into the helicopter and made "a high-power maximum performance take-off from a confined area." As the aircraft climbed, four eyewitnesses heard a loud bang and the tail rotor broke away. Decedent lost control and collided with the terrain.

Sources of proof are located in Australia, and crucial witnesses are outside the reach of California's subpoena power. Australian engineers who participated in maintenance must be called as witnesses, along with other operators of the helicopter, to determine what caused a stress fracture. Eyewitnesses to the accident and pilots who were aware of a vibration must testify, along with Australian officials who investigated the crash and analyzed the wreckage.

Respondent's employee helped Australian authorities investigate the accident. He declared that the helicopter was registered in Australia, which issued a certificate of airworthiness. The owner/pilot and mechanics were licensed in Australia. The ATSB performed a detailed examination of the

accident. The United States government was not involved. Critical evidence regarding the aircraft's operation, inspections, and maintenance is in Australia, as are percipient witnesses and accident investigators. Attached to the declaration is a copy of the ATSB report on the accident.

Respondent is amenable to process in Australia. It will consent to the jurisdiction of Australian courts; make available any evidence or witnesses in the United States; toll the Australian statute of limitations for one year; and satisfy any judgment rendered or settlement reached in Australia. Respondent will provide testing results by the United States Federal Aviation Administration on this type of helicopter.

As a member of the Commonwealth of Nations, Australia provides a suitable forum for product liability and wrongful death suits. Respondent's aviation law expert declared that Australia provides remedies similar to California. Different quanta of proof or damages are irrelevant. Respondent's inability to implead third parties outside of California would be prejudicial and unfair. Australia has a greater interest in a local controversy than California.

### Opposition to the Motion

In opposition, appellants argued that Robinson, a California based company, did not meet its burden of showing California is so inconvenient that the case should be dismissed. They claimed "most of the key evidence" is in California, which has a substantial interest in the safety of products manufactured and sold here. Robinson's facilities, production, employees and executives are in California, as are expert witnesses. State law will produce "far better and more significant evidence" than would be produced under Australian law. Appellants requested a

5

jury trial, which is not available in Australia. They claim "the bad acts and omissions took place" in California.

An international law expert, Martin Davies, discussed Australian law and the Hague Convention; the latter allows access to evidence in transnational litigation. He agreed that appellants "have a remedy in an Australian court," which has "jurisdiction to hear the case." However, remedies are "significantly more restricted than it would be in this court in California." They cannot recover for bereavement or loss of consortium, only their financial loss. Punitive damages are unavailable, and they would not be entitled to a jury trial.

Davies averred that discovery is limited in Australia. Parties may obtain documents "directly relevant to issues that have already been raised," but any attempt to get documents "to discern what issues or arguments might be available is popularly described as a 'fishing expedition' and is not allowed." Depositions are rarely permitted, and it is difficult to obtain documents from outside Australia. Australia requires a court order to obtain discovery from nonparties. The ATSB report on the crash is inadmissible because it was not prepared to help determine liability or assist in court proceedings; as a result, it would not be possible to depose ATSB officials or obtain their notes.

Australian courts may order examination of witnesses outside the country, if a witness is unwilling or unable to testify in Australia. The Hague Convention may be invoked to obtain oral testimony from a reluctant witness. In practice, courts are hesitant to subpoena citizens in foreign countries, particularly if there is a threat of punishment, and it is difficult to enforce the order.

Australian lawyers cannot work on a contingent fee basis, but may make " 'conditional costs agreements' " that are " 'no win, no fee' " arrangements.  Australian courts comply with the Hague Convention by allowing production of witnesses, documents, or property in response to a request from a foreign court, even if it would not be discoverable under Australian law. Willing witnesses in Australia could be deposed by a court-appointed examiner and give video testimony in California proceedings.

## Respondent's Reply

Counsel for respondent declared that Robinson has participated in litigation in Canada, Australia, and New Zealand, following forum non conveniens dismissals.  The helicopter was serviced by Australians, who failed to correct a reported problem with the rotor; their testimony is critical to the case.  California courts cannot compel the testimony of crucial witnesses or force potentially responsible Australian parties—those who maintained, serviced, and repaired the aircraft—to submit to the state's jurisdiction.  Respondent will produce all relevant documents about the helicopter in Australia.  As foreign citizens, plaintiffs' choice of forum is given little deference; greater importance is placed on California's interest in avoiding undue court congestion and the burden on jurors of trying cases arising abroad.

By contrast, there is no guarantee evidence in Australia will be produced in California.  The ATSB report shows that responsibility for the accident lies with Australian citizens who allowed the helicopter to remain in service and with the pilot who allowed passengers on board despite his report of a rotor problem. Courts have noted that using the Hague Convention for discovery

7

is inefficient, protracts litigation, and increases costs. The choice of law is in all likelihood Australian law. The country where the accident occurred has the greatest interest in applying its own law, and an international convention provides that the country of registration, where the flight occurred, is the exclusive law. California has little interest in applying its law to compensate citizens of a foreign country.

**The Trial Court's Ruling**

The court presumed that California is a convenient forum because respondent is incorporated and has its principal place of business here. Australia is a suitable forum that provides plaintiffs with a remedy; it is not unsuitable even if its laws are different. Respondent will consent to Australian jurisdiction; make available any evidence or witnesses; toll any limitations period; and satisfy any judgment or settlement in Australia.

The court weighed private interests and found California is a seriously inconvenient forum. Access to proof and compulsory process weigh against California. The accident occurred in Australia, where percipient witnesses and Australian accident investigators reside. Multiple factors contributed to plaintiffs' damages, beyond the design of the aircraft, including decisions made by the pilot. It would be difficult to obtain evidence and witnesses in Australia for litigation in California.

The court concluded, "the incident occurred in Australia, when the aircraft was being flown by an Australian citizen, ferrying Australian passengers, having been serviced by technicians in Australia, after the aircraft was certified for use in Australia by Australian civil aviation authorities, and each of those steps created a potential witness necessary to litigating the action. Finally, the plaintiffs themselves are both witnesses to

8

the incident as well as citizens and residents of Australia. Therefore, the private factors weigh in favor of granting the motion."

Public factors also show California is a seriously inconvenient forum. Robinson's manufacture of the helicopter in California does not overcome Australia's interests. Australia certified the aircraft, which was maintained in accordance with its regulations. Australia is the site of the accident that killed and injured Australians. Given Australia's greater interest, the burden on California courts and citizenry weigh against keeping the litigation here. The court granted Robinson's motion.

## DISCUSSION

### 1. Appeal and Review

"When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." (Code Civ. Proc, § 410.30, subd. (a).) The defendant bears the burden of proof. (*Stangvik v. Shiley, Inc.* (1991) 54 Cal.3d 744, 751 (*Stangvik*); *Kiely v. HYPH (USA), Inc.* (2025) 113 Cal.App.5th 95, 106 (*Kiely*).) An order granting the motion is appealable. (Code Civ. Proc.*,* § 904.1, subd. (a)(3).)

On appeal, we address two issues with different standards of review. First, we determine if the alternate forum is a suitable place for trial. The threshold determination is subject to de novo review. Second, we "consider the private interests of the litigants and the interests of the public in retaining the action for trial in California." The trial court's balancing of interests is reviewed for abuse of discretion, and its factual determinations are upheld if supported by substantial evidence. (*Stangvik, supra,* 54 Cal.3d

9

at pp. 751–752; *Kiely, supra,* 113 Cal.App.5th at pp. 106–107.)
The court's determination "deserves substantial deference."
(*Piper Aircraft Co. v. Reyno* (1981) 454 U.S. 235, 257 [102 S.Ct.
252, 70 L.Ed.2d 419] (*Piper*); *Stangvik*, at p. 751; *Denham v.
Superior Court* (1970) 2 Cal.3d 557, 566 [a court abuses its
discretion if it exceeds the bounds of reason and causes a
miscarriage of justice].)

### 2. Suitability of the Alternative Forum

Courts presume California is a convenient forum when the
defendant is a California resident, but the presumption may be
overcome by showing an alternate forum is a more convenient
place for trial.  (*Stangvik, supra,* 54 Cal.3d at pp. 755–756.)  " 'An
alternative forum is suitable if it has jurisdiction and the action
in that forum will not be barred by the statute of limitations.' "
(*EpicentRx, Inc. v. Superior Court* (2025) 18 Cal.5th 58, 72
(*EpicentRx*); *Kiely, supra,* 113 Cal.App.5th at p. 106.)

The two critical factors are met here.  First, plaintiffs'
expert conceded that Australian courts have jurisdiction over an
accident in Australia with Australian victims.  Second,
respondent agreed to toll the statute of limitations to allow
refiling in Australia.[2]

Australia is not unsuitable because it has different laws on
product liability or offers less generous awards.  (See *Piper, supra*
454 U.S. at p. 250 ["dismissal on the grounds of *forum non
conveniens* may be granted even though the law applicable in the
alternative forum is less favorable to the plaintiff's chance of
recovery"]; *Stangvik, supra,* 54 Cal.3d at p. 754 ["the fact that

---

[2] The opening brief states that appellants filed suit in
Australia to protect their interests, but prefer to litigate in
California.

California law would likely provide plaintiffs with certain advantages of procedural or substantive law cannot be considered as a factor in plaintiffs' favor"].)  " '[A] forum is suitable where an action "can be brought," although not necessarily won.' " (*Chong v. Superior Court* (1997) 58 Cal.App.4th 1032, 1037; *Kiely, supra,* 113 Cal.App.5th at p. 106.)

Unfavorable laws are a factor only "if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all."  (*Piper, supra*, 454 U.S. at p. 254.)  The "no remedy" exception applies if " ' "the alternative forum is a foreign country whose courts are ruled by a dictatorship, so that there is no independent judiciary or due process of law." ' "  (*EpicentRx, supra,* 18 Cal.5th at p. 72; *Auffret v. Capitales Tours, S.A.* (2015) 239 Cal.App.4th 935, 940.)

Appellants do not claim Australia is a dictatorship offering "no remedy at all."  Though they "may not be able to rely on a strict liability theory, and although their potential damages award may be smaller, there is no danger that they will be deprived of any remedy or treated unfairly."  (*Piper, supra,* 454 U.S. at p. 255 [discussing the effect of filing suit in Scotland for the deaths of Scottish citizens in an accident in Scotland in an aircraft manufactured in the United States].)

Australia is suitable even if it does not permit a jury trial. If some remedy is afforded in the alternate jurisdiction, the unavailability of a jury trial "should not be accorded any weight." (*EpicentRx, supra,* 18 Cal.5th at p. 73; *Investors Equity Life Holding Co. v. Schmidt* (2011) 195 Cal.App.4th 1519, 1530.)  The same is true if the forum does not allow contingent fee arrangements.  (*Magnin v. Teledyne Continental Motors* (11th Cir. 1996) 91 F.3d 1424, 1430 [no weight given to the

11

unavailability of a jury trial or contingent fees in litigation arising from an airplane crash in France]; *In re Air Crash over the Taiwan Strait on May 25, 2002* (C.D.Cal. 2004) 331 F.Supp.2d 1176, 1186–1187.) Accordingly, we need not consider the unavailability of a jury trial in Australia.[3]

Appellants argue that we must defer to their choice of forum. They are mistaken. Though a *California* plaintiff's choice of California courts is rarely disturbed, we need not defer to a *foreign* plaintiff's choice of California. (*Piper, supra,* 454 U.S. at pp. 255–256; *Stangvik, supra,* 54 Cal.3d at p. 755.) As citizens of Australia claiming no ties to California, appellants are not in the same position as Californians. They have a suitable alternative forum in their home country of Australia.

---

[3] The opening brief cites cases involving mandatory forum selection clauses giving " 'vital certainty' " to contracting parties of having a neutral venue for dispute resolution. (*EpicentRx, supra,* 18 Cal.5th at pp. 73–74.) Even then, "where enforcement of a forum selection clause may effectively deprive a plaintiff of the right to trial by jury, this circumstance alone does not provide a basis to avoid its enforcement." (*Id.* at p. 78; see *Rincon EV Realty LLC v. CP III Rincon Towers, Inc.* (2017) 8 Cal.App.5th 1, 7–9 [contractual choice of law and jury waiver clauses].)

Appellants' reply brief acknowledges that contract cases do not apply, given our Supreme Court's recent ruling in *EpicentRx, supra,* 18 Cal.5th at page 84, footnote 7, reversing *EpicentRx, Inc. v. Superior Court* (2023) 95 Cal.App.5th 890 and overruling *Handoush v. Lease Finance Group, LLC* (2019) 41 Cal.App.5th 729 and *The Comedy Store v. Moss Adams LLP* (2024) 106 Cal.App.5th 784.

### 3. Balancing of Private and Public Interests
### A. Private Interest Factors

"The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses." (*Stangvik, supra,* 54 Cal.3d at p. 751.) Substantial evidence supports the trial court's determination that private interest factors favor respondent.

Appellants, potential parties, and witnesses are in Australia. This includes the team that serviced the helicopter one day before it crashed, four eyewitnesses, and accident investigators who examined and tested the damaged helicopter parts. (Compare *Roulier v. Cannondale* (2002) 101 Cal.App.4th 1180, 1188, in which there was "only one percipient witness" to a bicycle accident in Switzerland.) The accident site—in a confined commercial area requiring a steep, maximum power ascent—is in Australia and cannot be viewed in person by a California jury. (Compare *Roulier*, at p. 1184, where the accident site was " 'collateral' " to product liability issues.) Appellants' medical providers are in Australia, as are others with information relating to damages.

Evidence relating to the design, manufacture, and testing of the helicopter is in California. Our Supreme Court has rejected the idea that the presence of manufacturing or design records in California makes this state more convenient than the location where injury occurred. (*Stangvik, supra,* 54 Cal.3d at p. 757.) This is particularly true where documentary evidence and testing information can be readily transferred abroad. (*Id.* at

13

p. 762.)  Appellants do not dispute that proof related to individual damage claims is in Australia.  (*Ibid.* ["virtually all the evidence relating to damages is in Scandinavia"].)

The trial court properly concluded that a forum is inconvenient if the defendant cannot implead third party defendants or "many crucial witnesses are located beyond the reach of compulsory process, and thus are difficult to identify or interview." (*Piper, supra,* 454 U.S. at p. 258.)  Respondent may try to prove this accident was caused not by a design or manufacturing defect, but rather by the negligence of the pilot, aviation mechanics, or engineers responsible for maintaining the helicopter, who are beyond the reach of California's jurisdiction.

Appellants' expert declared that "[w]illing witnesses" in Australia could be deposed in Australia or give testimony in California.  They offer no reason to believe helicopter repair team members are "willing witnesses," given their possible exposure to liability if they submit to the jurisdiction of California courts.  By contrast, respondent promises to submit to Australian jurisdiction and make available "any evidence or witnesses" Australian courts deem relevant in an action filed there.  On balance, respondent is at a distinct disadvantage hoping "willing witnesses" will participate in California litigation.

The law supports the trial court's determination that using the Hague Convention to secure evidence is expensive and difficult.  "The Hague Convention would not allow Defendants to compel live testimony at trial," which " 'create[s] a condition not satisfactory to court, jury or most litigants." (*In re Air Crash at Madrid* (C.D.Cal. 2011) 893 F.Supp.2d 1020, 1032; *Melgares v. Sikorsky Aircraft Corp.* (D.Conn. 2009) 613 F.Supp.2d 231, 243, fn. 8 [securing testimony from unwilling witnesses regarding a

14

helicopter crash in Spain through letters rogatory is "a difficult and time-consuming—if not altogether futile—endeavor"].) As one court has observed, "[t]o the extent the parties could employ treaty requests or letters rogatory, these vehicles are notoriously inefficient and tend to protract and make litigation more costly." (*Da Rocha v. Bell Helicopter Textron, Inc.* (S.D.Fla. 2006) 451 F.Supp.2d 1318, 1325.) Finally, "[t]he mere likelihood or possibility that foreign law would apply weighs in favor of dismissal." (*In re Air Crash at Madrid*, at pp. 1040–1041 ["courts have concluded that a foreign forum's law likely applied in a suit against an aircraft manufacturer arising out of the deaths of foreign victims in a crash on foreign soil"].)

### B. Public Interest Factors

"The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Stangvik, supra,* 54 Cal.3d at p. 751.) Forum non conveniens "is designed in part to help courts avoid conducting complex exercises in comparative law. . . . [P]ublic interest factors point towards dismissal where the court would be required to 'untangle problems in conflict of laws, and in law foreign to itself.'" (*Piper, supra,* 454 U.S. at p. 251.) The attractiveness of American laws to foreign plaintiffs—with respect to strict liability, for example—"would increase and further congest already crowded courts." (*Id.* at p. 252.)

A foreign country has "a very strong interest" in accidents occurring in its airspace, if the victims and potential parties are

15

citizens of that country. (*Piper, supra,* 454 U.S. at p. 260.) "[T]here is 'a local interest in having localized controversies decided at home.' " (*Ibid.*) The local interest is not outweighed by California's interest "in ensuring that American manufacturers are deterred from producing defective products" because "the incremental deterrence that would be gained if this trial were held in an American court is likely to be insignificant. The American interest in this accident is simply not sufficient to justify the enormous commitment of judicial time and resources that would inevitably be required if the case were to be tried here." (*Id.* at pp. 260–261; *Nai-Chao v. Boeing Co.* (N.D.Cal. 1982) 555 F.Supp. 9, 19–20 [product liability claim against an American company does not outweigh the interest of Taiwan, where the plane crash occurred]; *Campbell v. Parker-Hannifin Corp.* (1999) 69 Cal.App.4th 1534, 1541 (*Campbell*) ["California's interest in deterring wrongful conduct did not outweigh the foreign jurisdiction's interest in the death of its citizens."].)

This case parallels *Campbell, supra,* 69 Cal.App.4th 1534. In *Campbell,* Australians sued a California airplane parts manufacturer over a fatal crash in Australia. The Australian government determined that the plane's gyroscopes failed. (*Id.* at pp. 1538–1539.) The defendant successfully moved to stay the action. The appellate court affirmed. Australia had jurisdiction over an accident involving its citizens and investigated by its air safety agency. California was inconvenient, though manufacturing evidence was here, because the defense would "call Australian witnesses regarding the maintenance and operation of the plane in Australia and the training and proficiency of the pilot," and percipient witnesses to the crash. (*Id.* at p. 1543.) As foreigners, plaintiffs' choice of California was

16

not accorded weight, nor was the generosity of California legal remedies. (*Ibid.*) The public interest favored granting the motion to avoid contributing to court congestion. (*Id.* at p. 1542.)[4]

The reasoning in *Campbell* applies here. The plaintiffs and witnesses are in Australia. Australians will testify about the training and proficiency of the pilot, and the maintenance and condition of the helicopter. Eyewitnesses are in Australia, as are ATSB accident investigators. California's interest in the litigation is outweighed by Australia's interest. California's "overworked" judges (in appellants' words) and a jury of its citizens should not have to wade through technical evidence to decide fault for an accident occurring 8,000 miles away. The trial court did not abuse its discretion by weighing the relevant interests in favor of staying this case, allowing the dispute to be litigated in Australia.

---

[4] The reply brief leans heavily on an opinion by Division One of this district (not "this court," as counsel mistakenly suggests) involving a contract dispute over insurance coverage for environmental contamination. (*Ford Motor Co. v. Insurance Co. of North America* (1995) 35 Cal.App.4th 604.) It is more appropriate to rely on cases involving aircraft crashes abroad, such as *Piper* and *Campbell*.

## DISPOSITION

The order granting respondent's motion to stay litigation in California on the basis of forum non conveniens is affirmed. Respondent is awarded its costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


RICHARDSON, J.


SIGGINS, J.*

---

\* Retired Presiding Justice of the Court of Appeal, First Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.